## CIRCUIT COURT OF FAIRFAX COUNTY

John C. Chao

v.

Dorothy H. Clarke

### Case No. (Law) 186320

BY JUDGE STANLEY P. KLEIN

### March 16, 2001

The Clerk of the Court has forwarded to me Mr. Chao's Proposed Statement of Facts in this matter. I have also received a copy of Mr. Appler's Defendant's Objection to Written Statement.

This court granted a motion to strike the plaintiff's evidence after the conclusion of two days of testimony on behalf of the plaintiff. As such, the record will necessarily have to include all of the testimony of each of the witnesses. I have reviewed my notes from the trial and they are not sufficient to allow me to certify the testimony of each of these witnesses. Moreover, Mr. Chao's Proposed Statement of Facts, consisting of thirty pages of single-spaced word processing, does not comply with the requirement of Rules 5:6 or 5:11 of the Rules of Virginia Supreme Court. The Proposed Statement of Facts is more an argument than a factual recitation of the relevant court proceedings.

As [stated in] Mr. Appler's letter to Mr. Chao dated March 2, 2001, a court reporting service, Accurate Stenotypists, Inc., P. O. Box 485, Fairfax, Virginia 22030, telephone number (703) 691-0480, was present for the entirety of the trial. As Mr. Chao's Proposed Statement of Facts contains a number of instances where Mr. Chao claims that he cannot remember what the witnesses' testimony was on a given subject, and, in a court hearing held last

week, Mr. Chao advised the court that he did not believe that a transcript would be appropriate because he intended to submit evidence and documents in support of his appeal that were not introduced at the time of the trial, this court finds it imperative that a transcript of the relevant proceedings be prepared in lieu of a Proposed Statement of Facts. Accordingly, pursuant to *White v. Morano*, 249 Va. 27 (1995), and *Woods v. R. D. Hunt & Son*, 207 Va. 281 (1966), this court declines to certify a Statement of Facts under Rule 5:11 of the Rules of Virginia Supreme Court. As I advised Mr. Chao last week, he may wish to contact the court reporter in the event that he intends to prosecute his appeal in the Virginia Supreme Court.

April 5, 2001

As [stated in a] phone conversation on April 5, 2001, *Plaintiff's Second Motion for Certification of Statement of Facts/Order for Retrial and for Disqualification of Trial Judge* is denied. Pursuant to my letter dated March 16, 2001, and consistent with Rule 5:11(d) of the Supreme Court of Virginia, it is the trial judge's responsibility to consider whether to certify a Statement of Facts.

Mr. Chao cannot seek to ask another judge of this court to certify a Statement of Facts in a case in which that judge did not preside. Paragraph 2 of Mr. Chao's Motion states verbatim in part. "The reason that Plaintiff *pro se* filed the statement of facts instead of the transcript of the hearing on January 30-31, 2001, was that the transcript would be a gross distortion of facts and consisted of many contradictions to the statements in extensive documents, many were written and made by Defendant herself during more than two years in her representation of Plaintiff *pro se* in his divorce case with his former spouse." This statement further establishes why a transcript, rather than a Statement of Facts, is necessary for any appeal in this matter.

For the reasons stated in the Order, entered by me on April 5, 2001, and for all the reasons previously articulated in my letter dated March 16, 2001, Mr. Chao's Motion is denied. Mr. Chao's exception to my ruling is noted.