# CIRCUIT COURT OF FAUQUIER COUNTY

Robert Morris

    v.

Grace McGuire,
Co-Executor, et al.

January 3, 2007

Case No. (Chancery) 99-303; CWF03-188

BY JUDGE THOMAS D. HORNE

The Court certifies that the record is incomplete, as it does not contain facts or a transcript necessary to a determination of those issues for which a recitation of the facts is necessary.

The matter presently before the Court is certification of the Statement of Facts filed by the Plaintiff/Appellant and the Objections to the Statement of Facts filed by the Defendants/Appellees. On November 17, 2006, the Plaintiff filed his notice of appeal from the Court's final order of October 20, 2006. On November 16, 2006, the Court entered a Supplemental Order clarifying the order of October 20. On December 14, 2006, the Plaintiff filed a Statement of Facts. The Plaintiff filed a second notice of appeal on December 19, 2006. The Defendants filed objections to the Plaintiff's statement of facts on December 28, 2006.

Pursuant to Va. Sup. Ct. R. 5:11(d), the Court has ten days in which to take action on the objected to statement of facts. The Court may:

(1) overrule the objections; or
(2) make any corrections that he deems necessary; or
(3) include any accurate additions to make the record complete; or
(4) certify the manner in which the record is incomplete; and
(5) sign the transcript of written statement.

Rule 5:11(d). After reviewing the proposed statement of facts submitted by the plaintiff and the objections of the defendants, the Court declines to certify the statement of facts. *See Chao v. Clarke*, 56 Va. Cir. 80 (2001).

The statement of facts fails to present any actual or summarized testimony from the two-day jury trial. The Court cannot certify the statement of facts as a recitation of "the facts, testimony, and other incidents of the case." Rule 5:11(c). The Plaintiff states that portions of the trial transcript will be ordered; however, the Court has not received a transcript. Additionally, the time for filing the transcript has passed pursuant to Rule 5:11(a). The statement of facts is merely the Plaintiff's argument of his case and not a recitation of any of the testimony presented at the trial. Additionally, the Plaintiff continuously refers to his reliance on the record and the previous orders of this Court. The record and previous orders of the Court do not present any testimony from the trial. Without a transcript, the statement of facts is insufficient to form a part of the record on appeal.

Additionally, the statement of facts incorrectly lists Arlene L. Pripeton, Esquire, and her law firm as defendants in the case. At trial, the Court denied the Plaintiff's request to add Ms. Pripeton and her law firm as parties to the case. The Plaintiff cannot list them in the style of the case on appeal.

Therefore, the record of this case is incomplete for purposes of appeal. Rule 5:11(d)(4).