# Richmond

## RALPH G. WOODS v. R. D. HUNT AND SON, INC.

June 13, 1966.

Record No. 6199.

Present, Eggleston, C. J., and Spratley, Snead, I'Anson, Carrico and Gordon, JJ.

*J. Thomas Engleby, III* (*Hopkins, Pearson and Engleby*, on brief), for the plaintiff in error.

*William R. Rakes* (*Gentry, Locke, Rakes & Moore*, on brief), for the defendant in error.

SNEAD, J., delivered the opinion of the Court.

Ralph G. Woods, plaintiff, filed a motion for judgment against R. D. Hunt and Son, Inc. and Miller Chemical and Fertilizer Corporation, defendants, to recover damages in the amount of $12,000. The motion alleged, *inter alia*, that plaintiff had purchased from defendant

Hunt at retail two five-pound bags labeled "Miller 50% Sevin Wettable Powder" which had been manufactured and distributed to Hunt by defendant Miller; that the product was recommended for spraying tomato plants for the purpose of eliminating insect pests; that the product was contaminated with certain chemical weed killer; and that as a result of plaintiff's use of the product his entire tomato crop was destroyed. The motion was predicated upon three causes of action: (1) negligence, (2) breach of express and implied warranty, and (3) mislabeling.

A trial was had on February 18 and 19, 1965, before a jury. Defendants moved the court to strike plaintiff's evidence at the conclusion thereof, and the motion was granted as to the negligence and mislabeling causes of action but overruled as to the warranty count. At the conclusion of all the evidence defendants renewed their motions to strike as to the warranty count. These motions were granted, and summary judgment was entered for both defendants. Plaintiff subsequently noted an appeal as to defendant Hunt only, and we granted him a writ of error.

Plaintiff originally made several assignments of error which related to the action of the trial court in refusing to admit certain testimony and in striking his evidence. He has abandoned these assignments because there is no proper narrative statement or transcript of testimony in the record before us. His sole remaining assignment presents the question of whether the trial court erred "in failing to sign at the end [of] the narrative statement filed by plaintiff, or in failing to make such reasonable additions, deletions or changes, therein, in order that the record may contain a fair statement of the facts and thereafter sign said statement". This question arose in the following manner:

The judgment complained of was entered on February 19, 1965. On April 7, counsel for plaintiff filed a notice of appeal and also a "notice" addressed to counsel for defendant Hunt that on April 16 he would tender to the trial judge "a narrative statement of the proceedings including testimony and evidence of the trial". A copy of the "notice" was mailed to counsel for Hunt the day before it was filed, and counsel for both parties appeared before the trial judge on April 7 for a conference relative to the proposed filing of the narrative statement. At that time, according to a memorandum prepared and initialed by the judge, the following occurred:

"This day the Court notified the lawyers that he would require the

transcript of the evidence in this case to be written up or the same to be agreed upon by the parties. That at this time the Court could not remember all the material evidence and took no notes at the trial because we had a reporter."

On April 16, pursuant to his notice, counsel for plaintiff tendered a narrative statement of the proceedings, a copy of which had been furnished counsel for defendant prior thereto, and counsel for both parties again conferred with the court. Counsel for defendant advised the court that he could not agree with the narrative statement and stated his objections to it. He was permitted to prepare a written statement of his position, and three days later he filed his objections and "reasons for refusal to endorse" the narrative. In this statement he pointed out, among other things, that a verbatim record of the trial was made by a competent court reporter employed by defendant and was available to plaintiff which obviated the necessity to rely upon a narrative statement; that the summaries of the testimony of witnesses were incomplete and inaccurate; that the court's ruling on defendant Hunt's motion to strike was misstated; and that there were a number of points of law argued as to the admissibility of certain testimony and as to the motion to strike which were taken down by the reporter but were not included in plaintiff's narrative.

Counsel for defendant further asserted that plaintiff was not entitled to shift the burden of furnishing an adequate record to opposing counsel and the court by merely offering a narrative statement when a complete transcript of the proceedings could be obtained; that he (defendant's counsel) relied upon the court reporter throughout the trial and did not make adequate notes; that the trial took place approximately two months previously; and that he did not recall the details of the testimony or the arguments presented on the technical points of law considered.

The trial judge refused to certify that the narrative statement tendered by plaintiff was an authentic statement of the proceedings, and on April 21 he signed and attached to it this certificate:

"A narrative of the evidence and proceedings in this case as prepared by counsel for the plaintiff was presented to the Court on the 16th day of April, 1965. On April 9th [7th] preceding, counsel for plaintiff was advised by the Court that without the transcript of the evidence by the Court Reporter the Court could not sign the record of such proceedings unless agreed to by counsel for the de-

fendants, due to the fact that the Court had taken no notes or memoranda at the time of the trial, since a Court Reporter had taken the evidence and proceedings of the trial which the Court expected to have available in case it became necessary. Preceding the trial of this case the Court inquired of the attorneys if a Court Reporter would be on hand to report the case, and the Court was advised by counsel that a Court Reporter would be available to take the proceedings. The court cannot at this time sufficiently recall the material evidence and incidents of trial with any degree of accuracy so as to justify its certification in narrative form.

"Counsel for the plaintiff refused to have the record made by the Reporter transcribed although available, and the narrative prepared by him for the Court to certify is certainly very incomplete and does not reflect a true record of the case."

Plaintiff concedes that he could have obtained a complete transcript of the trial from the court reporter after the judge had made known his position, but he contends that he was not obligated to furnish a transcript and that one was not necessary in order for this court to pass upon the merits of his assignments of error. He says, among other things, that he elected to file a narrative statement "primarily" because the cost of securing a transcript was prohibitive ($457.50) and that the effect of the trial court's ruling requiring him to furnish a transcript would permit a wealthy litigant in many instances "to pile testimony on testimony and make a transcript too expensive for his opponent to afford to risk on the chance of winning the appeal."

Plaintiff argues that, upon receipt of a copy of his narrative statement, it was the duty of counsel for defendant to supply additions to complete the record for this court, or to submit his version of the disputed testimony in a narrative statement, or to furnish "the official transcript" if he was not satisfied that the statement was complete, accurate or sufficient and that when he failed to act it became the duty of the court to certify the statement or to make such modifications in, and additions to, it as would reflect a correct statement of the trial proceedings.

A determination of the issue presented in this appeal involves in part a consideration of Rule 5:1, §§ 3(e), 3(f) and 10, Rules of Court, which are printed in the margin.[1]

---

(1) "Rule 5:1. The Record on Appeal.

\* \* \* \* \*

"§ 3. Contents of Record.

\* \* \* \* \*

"(e) Oral testimony and other incidents of the trial or hearing transcribed

Plaintiff cites *Collins* v. *Pulaski County*, 201 Va. 164, 110 S.E. 2d 184, which was concerned in part with Rule 5:1, §§ 3(e) and 3(f), *supra,* to support his position that it was acceptable appellate procedure for him to elect to file a narrative statement in lieu of a reporter's transcript. There, the appellees moved this court to dismiss the appeal because of the appellant's alleged violation of § 3(e) in preparing the record. They contended that instead of having the reporter transcribe the testimony the appellant elected to present to the trial court a narrative statement which was incomplete, misleading, and inaccurate. They filed written objections to the narrative and presented additional testimony to the trial judge which was certified by him and included in the manuscript record.

In overruling appellees' motion to dismiss we stated that appellant's narrative was apparently intended to comply with Rule 5:1, § 3(f); that there was appended to it a certificate of correctness and authenticity signed by the trial judge; that the defects which allegedly existed in the narrative had been corrected by the appellees' additions which they designated to be printed; and that the printed record admittedly contained all that was germane to the questions to be decided.

It is readily apparent that *Collins* is factually distinguishable from the present case and thus not controlling. In the present case the record does not contain a transcript or narrative statement of the proceedings which has been authenticated by the trial court. It is

---

by a reporter, and any written statement of facts, testimony or other incidents of the case become part of the record when delivered to the clerk, if the transcript or statement is signed at the end by counsel for all parties and tendered to the judge within 60 days and signed by the judge within 70 days after final judgment. It shall be forthwith delivered to the clerk who shall certify on it the date he receives it.

"(f) Such a transcript or statement not signed by counsel for all parties becomes part of the record when delivered to the clerk, if it is tendered to the judge within 60 days and signed at the end by him within 70 days after final judgment. It shall be forthwith delivered to the clerk who shall certify on it the date he receives it. Counsel tendering the transcript or statement shall give opposing counsel reasonable written notice of the time and place of tendering it and a reasonable opportunity to examine the original or a true copy of it. The signature of the judge, without more, will be deemed to be his certification that counsel had the required notice and opportunity, and that the transcript or statement is authentic. He shall note on it the date it was tendered to him and the date it was signed by him.

\* \* \* \* \*

"§ 10. Disagreement as to Contents of Record. If disagreement as to the contents of a record should arise between counsel, or between one or more of them and the clerk, the question shall be submitted to the judge and decided by him."

evident that without such a transcript or narrative statement this court cannot decide whether the trial court was correct in refusing to admit certain testimony or in striking plaintiff's evidence as complained of in his original assignments of error.

Plaintiff also cites *Harris* v. *Woodby, Inc.*, 203 Va. 946, 128 S.E. 2d 278, which involved a consideration of Rule 5:1, § 10, *supra,* to support his contention that it was the duty of counsel for defendant to supply additions to plaintiff's narrative if he deemed it insufficient or incorrect and that when he failed to act it was the duty of the trial judge either to authenticate the narrative submitted or make such alterations in, and additions to, it as would, in his opinion, render the statement accurate. But, the *Harris* case is also factually different from the case at bar and not controlling. In that case, unlike the present case, the proceedings were not recorded by a court reporter and a transcript was not available from any source.

Here, before the trial commenced the trial judge asked the attorneys if a court reporter would be present to record the proceedings, and he was advised in the affirmative. The motion for judgment alleged three causes of action and the trial itself consumed approximately a day and a half. It involved numerous controversies and arguments upon technical points of law. The trial judge relied upon the court reporter and made no notes during the course of the trial. Hence, when he was advised at a conference with counsel on April 7, which was about 6 weeks after trial, that counsel for plaintiff intended to file a narrative statement of the proceedings on April 16 he notified counsel for both parties that unless they agreed on a narrative statement he would require a reporter's transcript of the proceedings.

Counsel for the defendant could not agree as to the accuracy, sufficiency or completeness of the statement which was presented on April 16. He took the position that he too relied upon the reporter and did not make adequate notes and that due to the technical and complicated nature of the case only a transcript would be sufficient. The trial judge then refused to certify plaintiff's narrative because it was "very incomplete"; it did not "reflect a true record of the case", and because he could not "sufficiently recall the material evidence and incidents of trial with any degree of accuracy." Counsel for plaintiff admittedly had ample time within which to comply with the trial judge's requirement that a reporter's transcript be obtained, but he refused to do so and elected to stand on his narrative.

It is true that the court reporter was employed by defendant,

but this fact is not significant. A reporter is subject to the control and discipline of the court. Any interested person may secure a transcript of the proceedings from him upon terms and conditions to be fixed by the judge. Rule 1:10, Rules of Court. Defendant was certainly under no duty to provide a transcript at its own expense for plaintiff's benefit. See *Babbitt* v. *Miller*, 192 Va. 372, 381, 64 S.E. 2d 718. We have often said that on appeal the judgment of the court below is presumed to be correct and that the *onus* is upon the appellant to provide us with a sufficient record from which we can decide whether the trial court erred as alleged. A failure to furnish a sufficient record will result in an affirmance of the judgment appealed from. *Justis* v. *Young*, 202 Va. 631, 632, 119 S.E. 2d 255.

Under §§ 3(e) and 3(f) of Rule 5:1 a narrative statement is permitted when the trial judge is of opinion that it embodies the essential testimony and other incidents of the trial necessary for us to decide the issues presented on appeal. Where a court reporter is employed during the trial of a civil case and the trial judge, relying upon the availability of a transcript, fails to make adequate notes and cannot recall the material evidence and incidents of trial in dispute with accuracy at the time the narrative statement is presented, he may require the appealing party to provide so much of the transcript as may be necessary for him to be assured what he is certifying is authentic.

Under the facts and circumstances of this case, the trial judge's request for a reporter's transcript was reasonable, and we hold that the court did not err in refusing to sign plaintiff's narrative statement as tendered or in failing to make alterations in, and additions to, the statement in an attempt to render it accurate and then sign it. The judgment appealed from is therefore

*Affirmed.*