524

## CIRCUIT COURT OF FAIRFAX COUNTY

Gary Green

    v.

Stephen M. Zimpel,
Marilyn M. Zimpel,
Fairfax Associates, Ltd.,
Alan Silverstein,
Maurice P. Foley,
and Judith Foley

Case No. (Law) 76682

Maurice P. Foley

    v.

Stephen M. Zimpel
and Gary Green

Case No. (Law) 81020

By JUDGE JOHANNA L. FITZPATRICK

January 6, 1988

This matter comes before the Court on: (1) a demurrer filed by the plaintiff, Gary Green, to intervening defendant Maurice Foley's counterclaims for tortious interference

with contractual relations and abuse of process; (2) demurrer filed by defendant Alan Silverstein to Foley's cross-claim for contribution; (3) demurrer filed by defendant Stephen Zimpel to Foley's cross-claims for contribution and for miscellaneous claims of breach of the partnership; and (4) Green's Motion to Dismiss all claims against him because he is not a party to the partnership and because all claims must be sent to arbitration.

The following facts are applicable in this case. Stephen Zimpel and Maurice Foley are general partners, and Alan Silverstein is a limited partner in Fairfax Associates, Ltd. On August 20, 1982, Zimpel, Foley and Silverstein entered into an agreement which limited the liability of each partner to reflect their individual percentage interest in Fairfax Associates partnership. The parties further agreed to indemnify each other against any liability beyond their percentage interest that may arise out of the partnership venture.

Defendants Stephen and Marilyn Zimpel and Maurice and Judith Foley executed a guaranty agreement for the payment of a Deed of Trust Note in the amount of $7.8 million. Zimpel and Foley signed the note as general partners of Fairfax Associates. Green subsequently purchased this note from the Mount Vernon Savings & Loan Association. On November 24, 1986, Green filed a Motion for Judgment against Zimpel seeking $38,244.45 as the balance due under the Deed of Trust Note and guaranty agreement.

On September 4, 1984, Fairfax Associates borrowed $260,000.00 from Sovran Bank, N.A. Stephen Zimpel signed this note evidencing the debt. Maurice and Judith Foley had previously executed a guaranty agreement for all debts of Fairfax Associates not to exceed $221,500.00. Green now seeks $260,000.00 against Fairfax Associates and $221,500.00 against Stephen and Marilyn Zimpel. Green has already received a judgment against Foley in Federal District Court in Alexandria for $221,500.00 but that judgment is presently on appeal to the Fourth Circuit.

Foley, as general partner and guarantor on the aforementioned notes, intervened as an indispensable defendant in this suit pursuant to Va. Code § 8.01-7.

Maurice Foley alleges that Green intentionally interfered with the contractual relationship between and among partners Zimpel, Silverstein and Foley who were fiduciaries

and had agreed to limit liability for partnership debts to their respective partnership interests. Foley relies on a letter dated December 14, 1984, (the "letter") from Green to Silverstein and Zimpel to show that Green was aware of the contractual relationship and that the purpose of the letter was to arrange a scheme for the payment of an unrelated legal fee. Foley contends that the goal of the scheme was to single out Foley as guarantor and force him to pay all debts of the partnership.

In Virginia, a right of action exists for tortious interference with contractual relations upon a prima facie showing of; (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferer; (3) intentional interference inducing or causing a breach or termination of the relationship; and (4) resultant damages to the party whose relationship has been disrupted. *Chaves v. Johnson*, 230 Va. 112 (1985).

Green admits for the purposes of demurrer that there was a valid contract and that he as aware of the contract. Further, the letter provides prima facie intent of interference with the contract and breach the partnership relationship. In the letter Green acknowledges that payment of a $10,000.00 debt owed exclusively by Zimpel and Silverstein and not the partnership, would be made from notes and guarantees of the partnership signed by Foley. Finally, damages are sufficiently alleged in the pleadings to survive the demurrer. Green has already obtained a judgment against Foley in Federal District Court in Alexandria with damages in the amount of $221,500.00. For these reasons, the demurrer is overruled as to interference with contractual relations.

Foley has also filed a counterclaim against Green for abuse of process claiming Green had no intention of diligently pursuing this action against the original defendants. A party claiming abuse of process has the burden of pleading; (1) an ulterior purpose, and (2) a willful act in the use of the process not proper in the regular course of the proceeding. *Tomai-Minogue v. State Farm Mutual Insurance Co.*, 770 F.2d 1228, 1238 (4th Cir. 1985). Although Foley has clearly alleged an ulterior purpose, the regular use of process cannot constitute abuse, even though the use may have been actuated by a wrongful motive, purpose or intent, or by malice. *Ross v. Peck, Inc. &*

*Metal Co.*, 264 F.2d 262 (4th Cir. 1959). An improper act occurs when process is issued not for the purpose for which it was intended but for some collateral purpose. *Id.* Foley has failed to sufficiently allege that Green improperly abused process for a purpose other than to collect an apparent debt, and thus the demurrer is sustained as to abuse of process.

Defendant Silverstein demurs to Foley's cross-claim for contribution arguing that a cause of action for contribution will not arise until Foley makes payments of the joint debt in excess of his ratable portion of the debt. However, Virginia Code § 8.01-281(A) clearly provides that a claim for contribution "may be based on future potential liability and it shall be no defense thereto that the party asserting such . . . cross-claim . . . has made no payment or otherwise discharged any claim as to him arising out of the transaction or occurrence." The demurrer is therefore overruled as to any claim for contribution.

Defendant Zimpel has filed a demurrer on the grounds that Foley's cross-claims do not arise out of plaintiff's cause of action. Since the substantive issues alleged in these pleadings are inseparably linked to the transactions of the partnership Foley may litigate all matters, unless otherwise excepted, in the present action. Further, Rule 3:9 of the Rules of the Supreme Court provides that a defendant may "plead as a cross-claim *any* cause of action . . . growing out of *any* matter pleaded in the motion for judgment." (Emphasis added.) The demurrer is overruled as to this count.

Green has filed a Motion to Dismiss Foley's action on the grounds that: (1) the claims result from partnership agreements which contain provisions for arbitration, and (2) Green should not be a party to a dispute within the partnership. However, this action extends beyond the parameters of the partnership and does not exclusively involve members of the partnership nor the partnership agreement. In addition, Rule 3:8 of the Rules of the Supreme Court permits a defendant to plead as a counterclaim any cause of action at law for a money judgment in personam that he has against the plaintiff, whether or not it grows out of any transaction in the motion for judgment. Foley's

counterclaim against Green is for a money judgment in personam and is thus permitted.

For the reasons stated above, the Court makes the following findings: (1) Green's demurrer with respect to the tortious interference with contractual relations is overruled; (2) Green's demurrer with respect to the abuse of process claim is sustained; (3) all claims with respect to contribution are severed at least until a finding is made as to the merits of the case; (4) Foley's Motion to Strike Zimpel's demurrer with respect to the remaining cross-claims for breach of the partnership is sustained; (5) Green's Motion to Dismiss for failure to submit to arbitration is denied; (6) Green's Motion to Dismiss on the ground that he is not a party to the partnership or the dispute within the partnership is denied.

Finally, because the issues present in this action and those in Law Number 81020 (*Foley v. Zimpel*) are inseparately related and will likely require production of much of the same evidence, these two cases (L76682 and L81020) will be consolidated for future proceedings in the interest of judicial economy and convenience.

Messrs. Green, Silverstein and Zimpel are required to file the applicable responsive pleadings to this consolidated action within twenty-one days from entry of such order.

May 4, 1989

This matter is before this Court on counterclaim defendant/defendant Green's Motion for Summary Judgment and Demurrer to Foley's counterclaim of tortious interference with contractual relations. These motions were heard on oral argument by this Court on April 21, 1989. It is my opinion that the Motion for Summary Judgment should be granted in part and denied in part and the demurrer should be sustained as to the claim for punitive damages.

Mr. Green bases his motion for summary judgment on the Fourth Circuit's decision to reverse the District Court's decision in *Green v. Foley*, Civil Action No. 87-350-A (E.D. Va.). In light of the Fourth Circuit's

reversal, Green alleges that Foleys only remaining damages are attorneys' fees. Green further alleges that because attorneys' fees are not recoverable, no damages have been sustained by Foley, and therefore, Foley's claims of tortious interference with contractual relations and actual and constructive fraud must be dismissed.

It is my opinion that because of Green's institution of the federal action against Foley, Foley was forced to intervene and maintain suits against both Silverstein and Zimpel in order to protect his interests.

The Virginia Supreme Court in *Hiss v. Friedberg*, 201 Va. 572 (1960), has stated:

> where a breach of contract has forced the plaintiff to *maintain* or defend a suit with a third person, he may recover the counsel fees incurred by him in the former suit, provided they are reasonable in amount and reasonably incurred. (Emphasis added.)

*Id.* at 876. *See also, Owen v. Shelton*, 221 Va. 1051 (1981).

It is my opinion that there is no policy reason for not extending the rule of *Hiss* to torts which have caused a plaintiff to maintain a suit with a third person, hence attorneys' fees are recoverable in this instance.

In addition to the rulings of *Hiss* and *Owen*, the United States Bankruptcy Court in *In re Tanner's Transfer & Storage of Virginia*, 39 B.R. 835 (Bkrtcy. E.D. Va. 1984), has stated:

> It has long been settled that in the interest of justice, a court may award attorneys' fees against a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.

*Id.* at 838.

Both the reversal of the Federal District Court's decision due to Mr. Green's misrepresentations in the pleadings and the letter by Judge Murnaghan to the Pennsylvania Bar is evidence of bad faith. As such, this Court may award Mr. Foley attorneys' fees spent defending the federal litigation. Based on the above authorities, the Motion for Summary Judgment is denied.

Mr. Green's Motion for Summary Judgment also requests that the actual and constructive fraud counts be dismissed since the facts as alleged do not state a cause of action. It is my opinion that this portion of the motion for summary judgment should be granted. The facts as alleged in Foley's Motion for Judgment do not constitute fraud in the traditional sense. *Cheattle v. Rudd's Swimming Pool Supply Co., Inc.*, 234 Va. 207 (1987); *Winn v. Aleda Construction Co.*, 227 Va. 304 (1984). The fraud relied upon by Foley is the commencement of the federal litigation with pleadings containing material misrepresentations. However, the statements were not made to Foley in the traditional sense nor were they relied upon by Foley.

Lastly, Green demurs to Foley's counterclaim of tortious interference with contractual relations to the extent that Green is alleging that the facts as alleged do not state a cause of action. The demurrer is overruled. In my January 6, 1988, letter opinion, I have already ruled that Mr. Foley has sufficiently alleged a cause of action for tortious interference with contractual relations under *Chaves v. Johnson*, 230 Va. 112 (1985). The fact that I based my decision regarding damages of the $221,000.00 judgment against Foley is of no consequence. Mr. Foley, as indicated in this letter opinion, despite the reversal of the District Court's opinion, still has sustained damages to the extent of his legal fees.

To the extent that Mr. Green demurs to the punitive damages portion of the tortious interference counterclaim the demurrer is sustained. Nowhere in the amended counterclaim does it allege that punitive damages should be awarded because of the malicious conduct of Mr. Green; the counterclaim simply requests punitive damages without alleging any aggravating circumstance such as malice, fraud, or reckless disregard of the rights of others. 5C Michie's Jurisprudence § *Damages* 866; *Wright v. Everett*, 197 Va. 608 (1956). The demurrer is sustained with leave granted to amend.

December 6, 1989

This letter is to confirm our telephone conversations yesterday afternoon concerning the record to be used on appeal in these cases. On November 17, Foley submitted

to the Clerk's Office a written statement in lieu of a transcript. I did not receive notice of this filing until December 4 after a notice from Mr. Toothman that he would be filing objections. Green's objections to Foley's proposed written statement were then filed on December 5.

There is a definite problem in certifying a written statement in this case. Although I did make notes during the trial, I never intended my notes to be a sufficiently complete record to enable me to certify either party's condensed and disputed version of the proceedings. The attorneys in this case have not agreed on one legal or factual issue since this case as filed. Given the many legal issues and the importance of witness credibility in this complex, seven-day trial, I believe that the only record for appellate review is the court reporter's official transcript.

Under the authority of *Woods v. Hunt and Sons, Inc.*, 207 Va. 281 (1966), I will not certify a written statement which is incomplete and disputed. As I indicated yesterday, I believe the parties should be able to draft an agreed statement of the pre-trial history, but the full transcript is necessary for the record of the actual trial.

According to Rule 5:11(d), I have ten days from December 5 (the date when Green's objections were filed) before I must certify the record in this case. As explained in *Woods*, 207 Va. at 287, the onus is upon the appellant to provide a sufficient record to support his allegations of trial court errors. The *Woods* opinion provides explicit authority for me to require Foley to provide "so much of the transcript as may be necessary for [me] to be assured what [I am] certifying is authentic." *Id.* If the parties are unable to present an agreed statement of facts, I will expect Foley to submit a full transcript in a timely manner. While this may impose a financial burden on Mr. Foley, a written transcript of this complex seven-day trial is necessary.

For future reference, counsel should note that proposed written statements are to be filed with the Court Clerk and a copy simultaneously submitted directly to chambers. This practice is necessitated by the unforgiving time deadlines set forth in Rule 5:11.