## CIRCUIT COURT OF FAIRFAX COUNTY

Kerr Contracting Corp.

v.

Coen Co. et al.

Case No. (Law) 96232

Kerr Contracting Corp.

v.

Rector and Visitors
of George Mason University

v.

H. C. Yu and
Associates Consulting Engineers

Case No. (Law) 93065

Rector and Visitors
of George Mason University

v.

Kerr Contracting Corp.
and Reliance Ins. Co.

Case No. (Law) 102026

June 22, 1992

BY JUDGE JOHANNA L. FITZPATRICK

This matter was before the Court today for certification of the Plaintiff's Statement of Facts for the above captioned cases. As an initial matter, all the findings made from the bench are incorporated herein by reference. I have reviewed the Statement of Facts filed by the Plaintiff on June 2, 1992, and the Defendant's written objections which were filed on June 12, 1992. These documents were not received in chambers until today. After careful review of the Statement of Facts, Defendant's objections and arguments of counsel, as well as the applicable authority, I find the following to be appropriate and necessary in this case.

The Court finds that the Statement of Facts as submitted is incomplete and hereby refuses to certify the Statement of Facts as a true record of the case, and sustains Defendant's objections made under Rule 5:11(d). In *Woods v. Hunt and Son, Inc.*, 207 Va. 281, 286 (1966), the Court stated:

> [A] narrative statement is permitted when the trial judge is of opinion that it embodies the essential testimony and other incidents of the trial necessary for us to decide the issues presented on appeal. Where a court reporter is employed during the trial of a civil case and the trial judge, relying upon the availability of a transcript, fails to make adequate notes and cannot recall the material evidence and incidents of trial in dispute with accuracy at the time the narrative statement is presented, he may require the appealing party to provide so much of the transcript as may be necessary for him to be assured what he is certifying is authentic.

The case at bar involved many complex issues of fact, had many witnesses (both lay and expert), which gave contradictory testimony, and was tried to the bench for fifteen days. The prior final judgment of this Court was based in large part on highly fact sensitive testimony and evidence which was interwoven throughout the course of the entire trial. If ever there was a case where it would be inappropriate to take selective portions of the trial transcript as reflective of a complete record on an issue, this is it. The Court took the prior final judgment under advisement for some time, and carefully reviewed *all* the evidence, testimony, exhibits, memoranda and applicable authority, prior to rendering an opinion. The broad issues to which the

Plaintiff has assigned error on appeal, involve a broad spectrum of trial testimony, especially the "Equals" and "Delay" matters, and therefore, I find that a full transcript is essential to provide a satisfactory record for the purpose of appeal.

The Court determined prior to trial that a court reporter would make a record. Accordingly, the Court informed the parties at the preliminary stages of this litigation that the Court intended to rely on the presence of the court reporter at the hearing. Therefore, I am unable to make necessary additions to the Statement of Facts to make it complete without the trial transcript. For the purpose of appeal, the court reporter's transcript must be typed up and submitted as to the testimony of all witnesses and must include both the opening statements and closing arguments of the parties, unless the parties can agree upon designated portions of the transcript.