# CIRCUIT COURT OF THE CITY OF NORFOLK

Thomas A. Daniel

v.

Greg Hopwood et al.

April 18, 2001

Case No. (Law) CL00-1204

BY JUDGE CHARLES D. GRIFFITH, JR.

This personal injury case was tried before a jury on January 17-24, 2001. Judgment for Plaintiff was entered on the jury verdict by the Court on the final day of trial. Defendants have subsequently appealed various issues to the Supreme Court of Virginia and have submitted to this Court partial transcripts of witness testimony and oral argument. Plaintiff has filed objections to these partial transcripts on the grounds that they are erroneous and incomplete. Plaintiff has also provided the Court with additional portions of the trial and pretrial transcripts and has requested that he be reimbursed by Defendants for the cost of those documents. Defendants object to the introduction of the supplemental transcripts on the basis that their appeal relates only to portions of the court proceedings and object to Plaintiff's request that they be liable for the associated costs.

Rule 5:11 provides that an appellant is required to provide the trial court with a transcript of the pertinent proceeding or a complete summary of the relevant testimony. The Rule also provides that an opposing party may object to an appellant's summary or transcript on the ground that it is erroneous or incomplete. *See* Rule 5:11(d). The trial judge is the final arbiter, deciding what transcripts or narratives must be included in the record for appellate purposes, and may make corrections or inclusions as he or she sees fit. *See id.*

This Court is of the opinion that the transcripts sought to be added to the record by Plaintiff may be necessary for the appellate court to decide the issues noticed for appeal. In any event, this Court finds it prudent to err on the

side of inclusion and orders that all transcripts offered by Plaintiff become part of the record. Additionally, this Court finds that the moving party on appeal, Defendants, are responsible for the costs of the transcripts.

> An appellant who seeks the reversal of a decree on the ground that it is contrary to the law and the evidence has the primary responsibility of presenting to [the appellate court], as a part of the printed record, the evidence introduced in the lower court, or so much thereof as is necessary and sufficient for [it] to give full consideration to the assignment of error.

*Lawrence v. Nelson*, 200 Va. 597, 598-99, 106 S.E.2d 618 (1959). The Virginia Supreme Court has held that an appellee is not under a duty to provide the appellate court a transcript at its own expense. *See Woods v. R. D. Hunt & Son, Inc.*, 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966) ("Defendant was certainly under no duty to provide a transcript at its own expense for plaintiff's benefit.") *See also Babbitt v. Miller*, 192 Va. 372, 381, 64 S.E.2d 718 (1951) ("We know of no rule which requires a litigant to provide a stenographic record, obtained at his own expense, for the benefit of his opponent.") This Court can see no reason why Defendant should be allowed to shift the burden of producing transcripts to Plaintiff simply by filing an incomplete record to the Court. Consequently, Defendant is ordered to reimburse Plaintiff the costs of providing transcripts within thirty days of the date of this opinion.