COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Senior Judge Overton
Argued at Chesapeake, Virginia


MARK ANTHONY GRETHEN
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 3244-03-1                  JUDGE ROBERT P. FRANK
                                                   FEBRUARY 15, 2005
SANDRA LYNN GRETHEN


                    FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                               Rodham T. Delk, Jr., Judge

             Mark Anthony Grethen, *pro se*.

             Sandra Lynn Kincaid, *pro se*.


        Mark Anthony Grethen, husband, appeals the final decree in a divorce action brought by

Sandra Lynn Grethen, wife.  On appeal, he noted a total of fifteen questions presented.  Questions

presented numbers 1, 3, 5 and 7[1] can be reduced to a single issue, i.e., whether the trial court erred

in not appointing a committee pursuant to Code §§ 53.1-221 to 53.1-228.1.  As explained herein,

the remaining issues are procedurally defaulted.  Because husband was a prisoner and was entitled

to a committee before the trial court awarded a distribution of property, we reverse and remand the

portion of the decree distributing the property of the parties.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] 1. "Defendant was entitled to the appointment of a committee."
   3. "Failure to appoint a committee, directly or through a guardian *ad litem*, is both due
       process and jurisdictional defect."
   5. "Requirements of 'Estate of Prisoners' codes are mandatory and jurisdictional."
   7. "Equitable distribution of prisoner's estate can not occur prior to the appointment of
       committee (proper party)."

BACKGROUND

Husband and wife had been married since 1982 and had five children. In 2001, husband was convicted of six felonies, two of which involved sexual assault of two of his minor children. He received a total sentence of twenty-six years.

While husband was incarcerated for his felony convictions, wife filed a divorce suit against him. Wife filed a "Petition for Appointment of Guardian *Ad Litem*," seeking to appoint husband's mother as guardian *ad litem*. The court so ordered. Husband separately filed a "Motion for Appointment of Guardian *Ad Litem*, Committee, or Conservator." The court revoked its previous order and appointed a series of other guardians *ad litem* who represented husband throughout the litigation. Wife was represented by counsel.

Husband then moved the court to dismiss the case. He argued in a "Memorandum of Law" that failing to appoint a committee prior to a monetary award violates Code § 53.1-223. The court denied husband's motion to dismiss.

The trial court entered a final decree of divorce on November 17, 2003 granting wife a divorce and custody of the children. As for the equitable distribution, the court awarded three parcels of real estate to wife. Husband's guardian *ad litem* endorsed the final decree "Seen."

Husband noted his appeal. He filed no transcript or statement of facts as required by Rule 5A:8(C). His appendix contained none of the pleadings, orders, testimony or incidents of trial for the divorce action, as required by Rule 5A:25. With the exception of the committee issue, appellant did not properly refer to "the page(s) of the transcript, written statement, record or appendix where each question was preserved in the trial court" in violation of Rule 5A:20(C).

<u>ANALYSIS</u>

On appeal, husband contends the trial court erred in not appointing a committee to protect his interests. He further maintains the appointment of a guardian *ad litem* was insufficient to satisfy the requirements of Code § 53.1-223.[2]

"[W]e review the trial court's statutory interpretations and legal conclusions *de novo*." <u>Navas v. Navas</u>, 43 Va. App. 484, 487, 599 S.E.2d 479, 480 (2004) (citing <u>Sink v. Commonwealth</u>, 28 Va. App. 655, 658, 507 S.E.2d 670, 671 (1998)).

Code § 53.1-223 provides:

> No action or suit on any claim or demand, except suits for divorce, actions to establish a parent and child relationship between a child and a prisoner and actions to establish a prisoner's child support obligation, shall be instituted against a prisoner after judgment of conviction and while he is incarcerated, except through his committee. However, in any suit for divorce instituted against a prisoner, the court shall appoint a committee prior to any determination as to the property of the parties under § 20-107.3.

"A primary rule of statutory construction is that courts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." <u>Loudoun County Dep't of Social Servs. v. Etzold</u>, 245 Va. 80, 85, 425 S.E.2d 800, 802 (1993). "Generally, the words and phrases used in a statute should be given their ordinary and usually accepted meaning unless a different intention is fairly manifest." <u>Woolfolk v. Commonwealth</u>, 18 Va. App. 840, 847, 447 S.E.2d 530, 534 (1994).

By its clear terms, Code § 53.1-223 does not require the appointment of a committee for prisoners in divorce suits, unless there is a determination as to property under Code § 20-107.3. In the instant case, there was such a determination of property. The trial court awarded three parcels of real estate to wife as her monetary award. No committee had been appointed.

---

[2] The Motion for Appointment of Committee clearly preserves this issue.

We agree with husband that the appointment of a guardian *ad litem*[3] does not satisfy the mandate of § 53.1-223 since a committee's responsibilities toward a prisoner's estate go beyond the particular litigation. The prisoner's estate, both real and personal, is committed to the committee. Code § 53.1-221(A). The committee "shall allow . . . a sufficient maintenance . . . for the prisoner's spouse and family . . . ." Code § 53.1-224. The committee must post a bond and be subject to the provisions of Title 26 [Fiduciaries Generally]. Code § 53.1-221(C). The committee may sue and be sued. Code § 53.1-222. The property of the prisoner passes to the committee. Merchant's Administrator v. Shry, 116 Va. 437, 442, 82 S.E. 106, 108 (1914).

We thus conclude the committee's responsibilities are ongoing, beyond representing the prisoner in the civil action whereas a guardian *ad litem's* role is limited to the particular litigation.

The language of Code §§ 53.1-221 through 53.1-224 is clear. A committee, not a guardian *ad litem*, must be appointed. If the legislature had intended that a guardian *ad litem* would satisfy the requirements of Code §§ 53.1-221 through 53.1-228.1, it would have so indicated. Because of the substantial difference in the roles of a committee and that of a guardian *ad litem*, and the clear, express language of the statute, we will not, nor can we, by an act of interpretation, add "guardian *ad litem*" to Code §§ 53.1-221 through 53.1-228.1.

---

[3] Code § 8.01-9(A) in pertinent part states:

> A suit wherein a person under a disability is a party defendant shall not be stayed because of such disability, but the court in which the suit is pending, or the clerk thereof, shall appoint a discreet and competent attorney-at-law as guardian ad litem to such defendant, whether the defendant has been served with process or not.

"A person convicted of a felony during the period he is confined" is a "person under a disability." Code § 8.01-2(6).

Husband also contends that a committee must be appointed prior to the commencement of the divorce suit. We disagree. Husband misreads the last sentence of Code § 53.1-223, which requires the appointment of a committee "prior to any determination as to the property . . . ."

"'Where the legislature has used words of a plain and definite import the courts cannot put upon them a construction which amounts to holding the legislature did not mean what it has actually expressed.'" Tazewell County Sch. Bd. v. Brown, 267 Va. 150, 162, 591 S.E.2d 671, 676-77 (2004) (citation omitted).

The Virginia Supreme Court has long held that "when analyzing a statute, we must assume that 'the legislature chose, with care, the words it used . . . and we are bound by those words as we interpret the statute.'" City of Virginia Beach v. ESG Enters., 243 Va. 149, 153, 413 S.E.2d 642, 644 (1992) (quoting Barr v. Town and Country Properties, 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)). Black's Law Dictionary defines "prior" as "preceding in time or order." Black's Law Dictionary 1212 (7th ed. 1999).

By the clear language of the statute, there is no requirement that the committee be appointed prior to the institution of the divorce action. Indeed, if there were no equitable distribution award, no committee would be required at all in a divorce action.

We conclude that the trial court erred in not appointing a committee for husband prior to the equitable distribution determination. The guardian *ad litem* representing appellant did not satisfy the mandates of Code §§ 53.1-221 to 53.1-228.1.[4]

---

[4] Appointment of a committee for a convict to defend a civil suit is a procedural requirement that can be waived. Dunn v. Terry, 216 Va. 234, 239, 217 S.E.2d 849, 854 (1975). The record reflects no specific waiver of the statute requirement. In fact, appellant asked for the appointment of a committee.

Husband raises additional issues on appeal.[5] They are all procedurally defaulted. Husband filed no transcript or written statement of facts as required by Rule 5A:8. While the absence of the transcript or statement of facts does not always deprive this Court of jurisdiction, the Court will consider only those issues that may be decided without reference to a transcript or statement of facts.

> Because the judgment of the court below is presumed to be correct, the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed.

White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995) (citing Woods v. R. D. Hunt & Son, Inc., 207 Va. 281, 287, 148 S.E.2d 779, 783 (1966)).

When a transcript is indispensable to the determination of an issue, the absence thereof in the record is a jurisdictional defect and requires dismissal of the claim. See Goodpasture v. Goodpasture, 7 Va. App. 55, 57, 371 S.E.2d 845, 846 (1988) (holding that the trial court's opinion letter and order, along with other documents contained in the record, sufficiently set forth the necessary facts to determine the issues on appeal). Here, we cannot resolve the remaining issues without a transcript or written statement of facts. See Patterson v. City of Richmond, 39 Va. App.

---

[5] 2. "Plaintiff and family were entitled to support through defendant's estate."
4. "Defendant's guardians *ad litem* were not knowledgeable of their duties."
6. "Mandatory and jurisdictional 'Estate of Prisoners' code also protect others."
8. "Appointment of unqualified parties as guardian *ad litem* violates the due process clause . . . ."
9. "Timely notice is required of all courts to all affected parties."
10. "Delays in action on motions before the court can result in prejudice."
11. "Duties of guardian *ad litem* exceed the scope of Code § 8.01-9."
12. "Court has other means to award fees to guardian *ad litem*."
13. "Untimely notice to ex parte violations can result in prejudice."
14. "Business matters, when owned by divorcing parties, should be heard."
15. "Social security numbers should not be contained within court documents."

706, 717, 576 S.E.2d 759, 765 (2003) ("Because the appendix filed in this case does not contain parts of the record that are essential to the resolution of the issue before us, we will not decide the issue.").

Further, "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Because of the lack of a transcript or written statement, we cannot determine whether these issues were preserved pursuant to Rule 5A:18. We conclude that Rule 5A:18 bars our consideration of those issues.

## CONCLUSION

Finding husband was entitled to the appointment of a committee for the equitable distribution component of the divorce action, but not for the divorce itself, we reverse the portion of the decree distributing the property of the parties and remand for the trial court to appoint a committee for husband and determine any marital award under Code § 20-107.3. All other aspects of the divorce decree remain in effect.

Reversed and remanded.