UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Fulton
Argued by videoconference


COMMONWEALTH OF VIRGINIA
 DEPARTMENT OF CORRECTIONS

v.      Record No. 0456-21-2

JACOBY GARRETT                                    MEMORANDUM OPINION[*] BY
                                                 JUDGE RANDOLPH A. BEALES
COMMONWEALTH OF VIRGINIA                              MARCH 8, 2022
 DEPARTMENT OF CORRECTIONS

v.      Record No. 0796-21-2

JACOBY GARRETT


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Beverly W. Snukals, Judge

              Ryan S. Hardy, Assistant Attorney General (Mark R. Herring,[1]
              Attorney General; Ronald N. Regnery, Senior Assistant Attorney
              General; Kati K. Dean, Assistant Attorney General, on briefs), for
              appellant.

              Robert J. Allen (ThorsenAllen LLP, on briefs), for appellee.


        These two consolidated appeals arise from a grievance action that Jacoby Garrett

("Garrett") filed against his employer, the Virginia Department of Corrections ("VDOC"). A

hearing officer upheld VDOC's decision to terminate Garrett's employment. Garrett appealed to

the Circuit Court of the City of Richmond ("circuit court"). The circuit court subsequently

remanded the case back to the hearing officer to reopen the record in order to consider an issue

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

that had not been raised during the earlier proceedings before the hearing officer. After the hearing officer engaged in additional factfinding on remand, the hearing officer reversed his initial decision and reinstated Garrett to his job. VDOC then appealed to the circuit court, which upheld the hearing officer's reinstatement of Garrett. VDOC now appeals to this Court.

I. Background

Garrett worked for VDOC as a Telecom/Network Coordinator. VDOC's policies called for termination of employment for any employees who tested positive for illegal substances. On June 28, 2018, Garrett was selected for a random drug test and was told to report to Human Resources in his building. Garrett initially consented to being tested, but he ultimately left the Human Resources office and never returned to be tested that day. As a result, on July 17, 2018, VDOC issued Garrett a Group III written notice of disciplinary action for failing to submit to the testing and terminated his employment.

On August 6, 2018, Garrett filed a grievance action challenging his termination pursuant to the state grievance procedure. He claimed that he did not refuse to submit to the drug test and that he did not violate any VDOC policies. In the alternative, he argued that any violation "was improperly classified as a Group III violation and should have been a less[e]r violation." Garrett's case was assigned to a hearing officer, and a hearing was held on October 10, 2018. Garrett argued before the hearing officer that VDOC "denied him substantive and procedural due process." After taking evidence and making findings of fact on the issues presented by the parties, the hearing officer concluded that the decision to terminate Garrett was "within the Agency's discretion" and upheld Garrett's termination by VDOC.

Garrett appealed to the circuit court. In his appeal, Garrett argued that the random drug testing policy violated his "right to be free from unlawful search and seizures pursuant to the Fourth Amendment of the United States Constitution." Garrett contended that he did not have a

"safety-sensitive" position with VDOC that would make a random drug test appropriate under the Fourth Amendment. In response, VDOC argued that Garrett's failure to raise any Fourth Amendment issues to the hearing officer precluded him from raising a Fourth Amendment challenge to his termination for the first time on appeal to the circuit court.

At a hearing held on February 27, 2019, the circuit court judge asked Garrett's counsel why he did not initially raise the Fourth Amendment issue with the hearing officer. Garrett's counsel replied, "Well, it would put us in a position where we would have to put on evidence of every conceivable argument that we would possibly use only if we lost." The circuit court judge then stated, "Right, but that argument is your main argument on appeal." Garrett's counsel replied, "It is the main argument."

On April 5, 2019, the circuit court issued an opinion letter concluding that Code § 2.2-3006(B) allows for new legal challenges to be raised on appeal challenging a hearing officer's decision. The circuit court relied on *Virginia Polytechnic Institute and State University v. Quesenberry*, 277 Va. 420, 429 (2009), for the proposition that the "standard of review 'focuses solely on the question whether the hearing officer's decision is contradictory to any applicable law.'" Consequently, upon finding "there is scant information on the record that is relevant" to the Fourth Amendment issue, the circuit court concluded that the case needed to be remanded back to the hearing officer to reopen the record and to "develop the factual record as to the newly raised argument and to make a decision in light of" the newly raised Fourth Amendment argument. The circuit court concluded that Code § 2.2-3006(B) grants the circuit courts "the power to remand the matter back to the hearing officer to develop facts on the record to allow courts to determine whether the decision itself is contradictory to law." Consequently, on April 5, 2019, the circuit court entered an order (the "order remanding to the hearing officer") directing the hearing officer to make findings of fact on whether Garrett's "employment with the

- 3 -

Virginia Department of Corrections was a 'safety-sensitive job' that qualifies as an exception to the warrant requirement of the Fourth Amendment."

On remand, the hearing officer found that Garrett was not employed in a "safety-sensitive" position under the Fourth Amendment and, therefore, subsequently reinstated Garrett to his position with VDOC. VDOC then appealed that decision to the Office of Employment Dispute Resolution at the Virginia Department of Human Resource Management, but it "decline[d] to disturb" the hearing officer's decision. VDOC then appealed to the circuit court, which upheld the hearing officer's decision to reinstate Garrett.

VDOC then appealed Garrett's reinstatement to this Court.

II. ANALYSIS

In these appeals, VDOC challenges the circuit court's authority under "Code § 2.2-3006(B) to remand the matter back to the Hearing Officer to develop the factual record." VDOC also asserts that the circuit court "erred in considering Appellee's [Garrett's] Fourth Amendment challenge" because Garrett "failed to preserve the issue by intentionally raising it for the first time on appeal to the Circuit Court." VDOC also challenges the circuit court's ruling under Garrett's Fourth Amendment rights "because VDOC's legitimate governmental interest outweighed Appellee's [Garrett's] privacy interests." Finally, both VDOC and Garrett assign error to the circuit court's ruling on attorney fees.

A. The State Grievance Procedure

"The state employee grievance procedure creates a 'tripartite review procedure' setting forth the following roles: (1) the hearing officer is the finder of fact and final authority on factfinding; (2) DHRM and EDR determine whether the hearing officer's ruling is in compliance with personnel policy and grievance procedure respectively; and (3) the courts determine whether the grievance determination is 'contradictory to law.'" *Passaro v. Va. Dep't of State*

- 4 -

*Police*, 67 Va. App. 357, 367 (2017) (quoting *Va. Dep't of State Police v. Barton*, 39 Va. App. 439, 445 (2002)).  "Pursuant to state employee grievance procedure, a party has a right to judicial appellate review of grievance hearing decisions on the grounds that the determinations were 'contradictory to law.'"  *Id*. (quoting Code § 2.2-3006(B)).  "On appeal from a state employee grievance decision, courts are bound by the factual findings of the hearing officer and may only reverse or modify the decision if it is 'contradictory to law.'"  *Osburn v. Va. Dep't of Alcoholic Beverage Control*, 295 Va. 10, 17 (2018).  "The appealing party must 'identify [a] constitutional provision, statute, regulation or judicial decision which the [hearing officer's] decision contradicted.'"  *Quesenberry*, 277 Va. at 429 (alterations in original) (quoting *Tatum v. Va. Dept. of Agric*., 41 Va. App. 110, 122 (2003)).  "Questions regarding whether a decision is contradictory to law, including the meaning of any underlying statutes, are reviewed de novo."  *Osburn*, 295 Va. at 17.

As an initial matter, the circuit court clearly sits as an appellate court in state grievance proceedings, as Code § 2.2-3006(B) provides that "[w]ithin 30 days of a final decision, a party *may appeal* on the grounds that the determination is contradictory to law by filing a *notice of appeal* with the clerk of the circuit court[.]"  (Emphasis added); *see also Passaro*, 67 Va. App. at 361 ("The circuit court, sitting as an appellate court, affirmed the decision of the hearing officer.").  Code § 2.2-3006(B) further provides that "[w]ithin 30 days of receipt of the grievance record, the court, sitting without a jury, *shall hear the appeal on the record*" and "may affirm the decision or may reverse or modify the decision" of the hearing officer.  (Emphasis added).  Thus, the statutory framework governing the state grievance procedure clearly manifests the General Assembly's intent to grant circuit courts *appellate* jurisdiction over a hearing officer's employment determination under the state grievance procedure.

In this case, Garrett argued on appeal to the circuit court that his Fourth Amendment rights were violated, but the circuit court found that there was "scant information" in the record before it on appeal that was "relevant to the issue of whether [Garrett's] employment constituted a 'safety-sensitive' position" under the Fourth Amendment. As a result, the circuit court directed the hearing officer to "develop the factual record" beyond the evidence that was originally presented to the hearing officer. Essentially, upon finding that the record on appeal was insufficient to decide Garrett's Fourth Amendment argument, the circuit court remanded the case to the hearing officer to reopen the record and make additional findings of fact related to Garrett's Fourth Amendment argument.

On appeal, it is well-established that "the burden is on the appellant to present to us [the appellate court] a sufficient record from which we [the appellate court] can determine whether the lower court has erred in the respect complained of." *Justis v. Young*, 202 Va. 631, 632 (1961); *accord Woods v. R.D. Hunt & Son, Inc.*, 207 Va. 281, 287 (1966) ("[T]he *onus* is upon the appellant to provide us with a sufficient record from which we can decide whether the trial court erred as alleged." (emphasis in original)); *see also McDonald v. Nat'l Enterprises, Inc.*, 262 Va. 184, 195 (2001) ("As the appellant in this appeal, McDonald has the burden to present a sufficient record on which this Court can determine whether the circuit court erred as McDonald contends."); *Bunton v. Commonwealth*, 6 Va. App. 557, 561 (1988) ("Bunton has the responsibility of providing the record on appeal necessary to enable the reviewing court to address the issues. As he has failed in that responsibility, we cannot consider the merits of his appeal."). The appellant bears this burden because, as the Supreme Court of Virginia has repeatedly recognized, "on appeal the judgment of the lower court is presumed to be correct." *Justis*, 202 Va. at 632; *see also, e.g.*, *Shipman v. Fletcher*, 91 Va. 473, 487 (1895) ("The judgment of a court of competent jurisdiction is justly entitled to great weight. It is always

presumed to be right until the contrary is shown. An appellate court will not overturn it unless satisfied that it is wrong. It devolves on the party complaining to show error, and to satisfy the appellate court that the judgment or decree complained of is wrong."); *McArter v. Grigsley*, 84 Va. 159, 162 (1887) (noting that "the action of the court below, upon old and well-established principles, must be presumed to be right").

It is likewise well-established that appellate courts "may act only upon facts contained in the record." *Jackson v. Commonwealth*, 44 Va. App. 218, 224 (2004). Thus, "[t]he importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal." *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986); *see also, e.g.*, *Wilkins v. Commonwealth*, 64 Va. App. 711, 717 (2015). Consequently, "[a] failure to furnish a sufficient record will result in an affirmance of the judgment appealed from." *Woods*, 207 Va. at 287.

Here, Garrett did not provide a sufficient record to the circuit court so that it could make a ruling to determine whether the hearing officer's decision was contradictory to law under the Fourth Amendment. The circuit court judge directly asked Garrett's counsel, "why wasn't the Fourth Amendment brought up" before the hearing officer. Garrett's counsel replied, "It would put us in a position where we would have to put on evidence of every conceivable argument that we would possibly use only if we lost" even though counsel acknowledged that the Fourth Amendment argument was "the main argument" on appeal to the circuit court. Furthermore, when asked a similar question by this Court during oral argument, Garrett's counsel candidly stated that "certainly if we could go back in time, yes, we would present the Fourth Amendment argument at the initial hearing." Thus, Garrett's own admissions demonstrate that he engaged in a litigation strategy where he presented a portion of his case to the hearing officer and then sought to present another different portion of his case to the circuit court when the matter was on

appeal there, which left the circuit court without the necessary record on which to make its ruling whether Garrett's termination was contradictory to law under the Fourth Amendment.[2]

The circuit court—sitting as an appellate court—should have limited its review to the record then in front of it on appeal. The hearing officer did not make *any* factual findings on whether Garrett's employment status was in a "safety-sensitive" position as an employee because Garrett never raised that issue for the hearing officer's consideration.[3] If the circuit court could not determine from the record before it on appeal whether the hearing officer's decision was contradictory to law, Garrett simply failed to carry his burden of providing a record sufficient to enable an appellate court to review his claim of error in the judgment from which he appealed. *See Woods*, 207 Va. at 287.[4] Consequently, this Court holds that the circuit court erred in its decision to remand the case back to the hearing officer so that it could "develop the factual record" outside of the scope of the issues presented to the hearing officer in the first hearing and so that the hearing officer could make additional factfinding on an issue that was not even in the

---

[2] This Court appreciates and values the candor of Garrett's counsel in his answers during oral argument before this Court, as "[s]uch candor by counsel embodies the ethical duties expected of a legal advocate and is held in high esteem." *Nimety v. Commonwealth*, 66 Va. App. 432, 436 n.3 (2016).

[3] In the hearing officer's initial ruling, he stated, "The employee has the burden of raising and establishing any affirmative defenses to discipline and any evidence of mitigating circumstances related to discipline. Grievance Procedure Manual ('GPM') § 5.8."

[4] In state grievance procedure cases, the Supreme Court has recognized that the party appealing the hearing officer's decision properly bears the burden of identifying any applicable law in challenging the hearing officer's decision. *See Quesenberry*, 277 Va. at 420. This Court's decision today does not preclude an appealing party from raising a constitutional provision for the first time on appeal. However, given that the circuit court sits as an appellate court and is limited to reviewing the record of the proceedings below, the appellant still bears the burden of providing a sufficient record for the circuit court to determine if the hearing officer's decision is contradictory to law under Code § 2.2-3006(B).

record of the grievance proceedings.  *See Turner*, 2 Va. App. at 99.[5]  Therefore, this Court

reverses the circuit court's order remanding to the hearing officer and now remands the case

back to the circuit court so that it can make a ruling based on the factual findings in the record

that was first before the circuit court at the time it originally decided to remand the case back to

the hearing officer.[6]

## B.  Attorney Fees

Both VDOC and Garrett assign error to the circuit court's ruling awarding Garrett

attorney fees.  Code § 2.2-3006(E) provides that the circuit court "shall award reasonable

attorneys' fees and costs to the employee if the employee substantially prevails on the merits of a

case."  This Court's decision today reverses the circuit court's order affirming the hearing

officer's decision to reinstate Garrett.  Because the circuit court has now been instructed to

consider only the evidence in the record that the circuit court had before it at the time of its initial

---

[5] A remand back to the hearing officer can be appropriate in certain circumstances.  For instance, in *Passaro*, 67 Va. App. at 366, the circuit court remanded the matter back to the hearing officer for "further consideration of the testimony offered by Special Agent Wolpert and factual determinations, if any, as a result."  The circuit court directed the hearing officer to "affirm, reverse or amend his prior ruling, as appropriate."  *Id*.  In that case, "[o]n remand, the hearing officer asserted that he fully considered the testimony of all witnesses, including Agent Wolpert's testimony" and "affirmed the original hearing decision."  *Id*.  In our present matter, the circuit court remanded the case back to the hearing officer to determine a completely new issue of whether Garrett's "employment with the Virginia Department of Corrections was a 'safety-sensitive job' that qualifies as an exception to the warrant requirement of the Fourth Amendment" because "scant information on the record" existed relating to Garrett's status as a "safety-sensitive" employee.  The remand in *Passaro* allowed the hearing officer to further consider or reconsider evidence and testimony *already* in the record—unlike here where the circuit court required the hearing officer to engage in new factfinding and "develop the factual record" on an issue not contained within the record on appeal of the grievance proceedings.

[6] As this case is remanded back to the circuit court for a new hearing on the first record that was before it, this Court does not decide VDOC's assignment of error relating to the Fourth Amendment ruling by the circuit court.  The circuit court is instructed on remand to make a ruling on that issue based on the record that the circuit court originally had before it when the circuit court had decided to remand the case back to the hearing officer.

- 9 -

ruling in this matter, Garrett has no longer substantially prevailed on the merits of his case, and, therefore, we must reverse the circuit court's ruling awarding attorney fees to Garrett.[7]

### III. CONCLUSION

In short, because the circuit court sits as an appellate court in state grievance procedure cases, the circuit court cannot engage in any factfinding because the factual findings made by the hearing officer are final, and the circuit court can only determine if the hearing officer's decision is contradictory to law, pursuant to the requirements of Code § 2.2-3006(B). *See Passaro*, 67 Va. App. at 367. As the circuit court is acting as an appellate court in these cases, the circuit court is limited to the record that it has before it on appeal. *See Turner*, 2 Va. App. at 99 ("The importance of the record is obvious, for it is axiomatic that an appellate court's review of the case is limited to the record on appeal."). In addition, the Supreme Court has determined that, for an appealing party, "failure to furnish a sufficient record will result in an affirmance of the judgment appealed from." *Woods*, 207 Va. at 287.

In the present matter, Garrett failed to establish a record on appeal to the circuit court on his Fourth Amendment challenge to the hearing officer's decision. Garrett did not provide any factual findings from the hearing officer that his job was not a "safety-sensitive" position under the Fourth Amendment. Indeed, the hearing officer decided to uphold the termination of Garrett's employment on other grounds. Garrett did raise the Fourth Amendment challenge during his appeal to the circuit court, but his counsel candidly admitted to the circuit court that he had intended to raise a Fourth Amendment argument in this matter only if he had lost before the hearing officer.

---

[7] Of course, if Garrett "substantially prevails" in the hearing that will occur upon remand from this Court to the circuit court, then the circuit court would still be required to award him attorney fees under Code § 2.2-3006(E).

- 10 -

The circuit court stated that there was "scant information on the record" of any evidence relating to the Fourth Amendment and, therefore, remanded the case back to the hearing officer to determine whether Garrett held a "safety-sensitive" position. However, the circuit court—which was sitting as an appellate court here—erred in its decision to remand the case back to the hearing officer to reopen the record to engage in new factfinding on an issue on which the hearing officer had not made *any* findings of fact. In short, the circuit court failed to limit its review to the record that the circuit court initially had before it on appeal.

Therefore, for all of these reasons, this Court reverses the circuit court's order remanding to the hearing officer. We now remand the case back to the circuit court to make a ruling on the hearing officer's initial decision to uphold Garrett's termination based on the record that the circuit court had before it at that time. In short, this Court directs the circuit court to make its ruling on Garrett's Fourth Amendment legal arguments based on that record *before* the circuit court had remanded the case back to the hearing officer. This Court also reverses the circuit court's order awarding Garrett attorney fees and also remands this issue so that the circuit court can make a ruling on attorney fees based on whether Garrett "substantially prevails," pursuant to Code § 2.2-3006(E), on this remand back to the circuit court.

*Reversed and remanded.*