Present:  Hassell, C.J., Keenan, Kinser, Lemons, Goodwyn, and
Millette, JJ., and Lacy, S.J.

PAMELA MARTIN

v.  Record No. 072571                OPINION BY SENIOR JUSTICE
                                     ELIZABETH B. LACY
CHRISTOPHER DUNCAN                    January 16, 2009

          FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                 John E. Clarkson, Judge Designate

     In this appeal we consider whether the costs of impaneling

a jury may be imposed upon a plaintiff seeking a nonsuit as a

matter of right.

     Pamela Martin filed a complaint against Christopher Duncan

seeking recovery of damages she sustained as a result of

Duncan's alleged negligence.  During a jury trial, Martin moved

to strike Duncan's evidence on the issue of liability.  The

trial court denied that motion and Martin sought a nonsuit.

Duncan's counsel asked the trial court to assess expenses

incurred in securing the deposition of an expert witness and

Duncan's travel costs.  The trial court concluded that Code

§ 8.01-380(C) did not allow assessment of the costs and expenses

sought by Duncan.  The trial court, however, assessed Martin the

jury costs associated with the case, $540, finding that

assessing jury costs was "pretty standard here in this court."

     Martin filed a timely appeal to this Court raising five

assignments of error.  We awarded Martin an appeal limited to

the single issue whether the trial court had the authority to

require Martin to pay the jury costs when Martin took a nonsuit as a matter of right.

DISCUSSION

Martin argues that only the costs set out in Code § 8.01-380(C) may be imposed on a plaintiff taking a nonsuit as a matter of right and those costs do not include the costs of impaneling a jury.[1]  Duncan, however, asserts that the trial court's action was proper because nothing in Code § 8.01-380 prohibits the assessment of jury costs in these circumstances. Duncan further argues that Chesapeake Circuit Court Local Rule 5 authorized the imposition of jury costs in this case.[2]  We first

---

[1] Code § 8.01-380(C) states:
If notice to take a nonsuit of right is given to the opposing party within seven days of trial, the court in its discretion may assess against the nonsuiting party reasonable witness fees and travel costs of expert witnesses scheduled to appear at trial, which are actually incurred by the opposing party solely by reason of the failure to give notice at least seven days prior to trial.  The court shall have the authority to determine the reasonableness of expert witness fees and travel costs.

[2] Local Rule 5 of the Circuit Court for the City of Chesapeake states in relevant part:
To promote the convenient and efficient use of this Courthouse and Office of the Clerk of Circuit Court and the orderly management of the Court docket, and in an effort to attain a more efficient administration of justice by avoiding undue hardships to citizens serving as jurors and to avoid needless expense, the following procedure will become effective beginning July 1, 2006:

. . . .

2

consider whether assessment of costs associated with the grant of a first nonsuit are limited to those costs set out in Code § 8.01-380(C).

The General Assembly has established two categories of nonsuit – a first nonsuit which can be taken as a matter of right and subsequent or discretionary nonsuits which require the consent of the trial court. Code § 8.01-380(B). Either type of nonsuit is available to a plaintiff any time in the litigation before a motion to strike the evidence has been sustained, the matter has been submitted to the court for decision, or the jury has retired from the bar. Code § 8.01-380(A). Consequently, costs may have been incurred at the time a nonsuit is taken – regardless of the type of nonsuit. The General Assembly enacted subsections (B) and (C) of Code § 8.01-380 to authorize the assessment of costs against the nonsuiting party; however, the costs which may be assessed are not the same for the two categories of nonsuit. Subsection (B) of Code § 8.01-380 allows a trial court to assess "costs and reasonable attorneys' fees"

---

(3) Any party, having demanded a trial by jury, may waive a jury by giving notice to said Clerk, the Jury Administrator, and the opposing side. In the event the case is settled or is not to be tried, notice shall be given to said Clerk, the Jury Administrator, and the opposing side. If any such notice is not given prior to the day of trial, the cost of the jury, if incurred, will be assessed against a defendant in a criminal case, or in a civil case will be charged against the party or parties who have failed to notify said Clerk and Jury Administrator.

against the nonsuiting party in connection with a discretionary nonsuit, while subsection (C) limits the assessable costs associated with a nonsuit as a matter of right to "reasonable witness fees and travel costs of expert witnesses scheduled to appear at trial." This difference in assessable costs is consistent with the differing nature of the two categories of nonsuit. To impose financial burdens on the exercise of the right to a first nonsuit erodes the ability to exercise that right, thereby justifying a more limited category of assessable costs.

We have previously held that "with respect to a first nonsuit a trial court may not place limitations on the absolute right of the plaintiff to seek the nonsuit beyond those found in the statute." Janvier v. Arminio, 272 Va. 353, 365, 634 S.E.2d 754, 760 (2006); see also McManama v. Plunk, 250 Va. 27, 32, 458 S.E.2d 759, 762 (1995). The imposition of financial costs not authorized in Code § 8.01-380(C) places a limitation on the absolute right of a plaintiff to exercise that right. Accordingly, we conclude that because jury costs are not costs authorized by statute to be imposed on a plaintiff exercising his absolute right to a first nonsuit, the trial court could not assess such costs on Martin in this case.

In light of this holding we also reject Duncan's argument that Local Rule 5 gave the trial court the authority to impose

the jury costs.  Code § 8.01-4 provides that a local rule cannot be enforced if it "is inconsistent with . . . any . . . statutory provision . . . or . . . has the effect of abridging substantive rights of persons before such court."  Assuming Local Rule 5 applied in this case and was relied on by the trial court when assessing Martin the jury costs, it is inconsistent with Code § 8.01-380(C) and had the effect of abridging Martin's absolute right to a first nonsuit.  Therefore, Local Rule 5 could not be the source of authority to impose the costs at issue.

Accordingly, for the reasons stated above, we will reverse that portion of the judgment of the trial court assessing Martin jury costs in the amount of $540.

<u>Reversed and final judgment</u>.