PRESENT:  All the Justices

JOSHUA B. SHAPIRO
                                        OPINION BY
v.    Record No. 082607        JUSTICE LEROY F. MILLETTE, JR.
                                       January 15, 2010
FREDERICK YOUNKIN, JR.


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Patricia L. West, Judge

     In this appeal, we consider whether the trial judge erred

in dismissing with prejudice a plaintiff's appeal from a general

district court judgment based on the plaintiff's failure to

obtain the services of a court reporter in contravention of the

circuit court's general directive that a court reporter be

present at the trial of all civil cases.

                          BACKGROUND

     This case arises out of a landlord-tenant dispute.  Because

the facts of the underlying dispute are not pertinent to the

resolution of this appeal, they will not be discussed.  The

relevant facts are procedural in nature.

     Joshua B. Shapiro filed suit in the General District Court

of the City of Virginia Beach against Frederick Younkin, Jr.

The general district court dismissed Shapiro's claims with

prejudice.  Shapiro, appearing pro se, appealed the decision of

the general district court to the Circuit Court of the City of

Virginia Beach.  Trial in the circuit court was set for October 29, 2008.

By final order, the trial judge dismissed Shapiro's appeal with prejudice based on Shapiro's "non-compliance with Court Rules and Procedures."  Our analysis is not affected by the circuit court's purported reliance on its own internal rules and procedures in rendering judgment in this case.  We therefore need not reach the issue of the validity of the circuit court's relevant rules and procedures requiring the presence of a court reporter to record all civil proceedings.

We note, however, that while Code § 8.01-4 authorizes circuit courts to prescribe rules to "promote proper order and decorum and the efficient and safe use of courthouse facilities and clerks' offices," the statute prohibits any such rule which is inconsistent with any statute or "has the effect of abridging the substantive rights of persons before such court."  As we stated in Collins v. Shepherd, 274 Va. 390, 649 S.E.2d 672 (2007), the authority delegated to circuit courts by Code § 8.01-4 "must be carefully exercised so that local rules do not encroach upon statutes, Rules of Court, or case law," and local rules must not "deprive any party from having a case heard on the merits, reflecting the General Assembly's intention that local rules govern the administration, but not become the determining factor in the ultimate outcome, of cases."  Id. at

399, 649 S.E.2d at 676; see also Martin v. Duncan, 277 Va. 204, 208, 671 S.E.2d 151, 153 (2009).

In this case, Shapiro had failed to comply with a requirement imposed by the judges of the circuit court that a court reporter be present at the trial of all civil cases to record the proceedings, and that a party appealing a case from the general district court arrange to have a court reporter present at trial in the circuit court. A footnote in the final order dismissing Shapiro's appeal explained that "[p]arties who wish this requirement to be waived must receive approval from a judge prior to the trial date," which Shapiro had not done.

Although Shapiro had not requested a hearing before the trial date to obtain a waiver of the requirement that he obtain a court reporter, he requested such a waiver immediately before the trial began on the ground of indigency. The trial judge denied Shapiro's request for a waiver based on the court's finding that Shapiro had sufficient funds to pay for the services of a court reporter. Additionally, the trial judge concluded that there was "a high likelihood of appeal by the non-prevailing party and determined that a court reporter was required in that a statement of facts would be insufficient for appeal."

On the day of trial, after his case was dismissed, Shapiro submitted to the circuit court a proposed written statement of

3

facts in lieu of a transcript for purposes of appeal to this Court.[1] The circuit court refused to certify Shapiro's statement of facts. The trial judge wrote directly on the proposed statement of facts that

> [t]he events of this day are reflected in the court's order and are sufficient for the appeal. I do not agree that this document accurately reflects the events of the day however it does prove my point that a court reporter would be needed in this case. Mr. Shapiro may argue whatever he wants on appeal or mis-state events in his petition if he so chooses, but I will not agree that this document go up as the "Statement of Facts." The case was dismissed on procedural grounds which are clearly covered in the order. No "Statement of Facts" should be necessary on appeal of a strictly procedural ruling.[2]

On appeal to this Court, Shapiro argues that the circuit court erred by dismissing his case in violation of Code § 17.1-128, which provides, in pertinent part, that

> [i]n all civil cases, the court or judge trying the case may by order entered of record provide for the recording verbatim of the evidence and incidents of trial either by a court reporter or by mechanical or electronic devices approved by the court. The expense of reporting and recording the trial of a civil case shall be paid by the litigants in the manner and in the proportion as the court may in its discretion direct. A transcript of the record, when required by any party, shall be paid for by such party. The court on appeal may provide that such cost may, in civil cases, be reimbursed to the party

---

[1] In Shapiro's timely filed notice of appeal, Shapiro certified that he had notified Younkin that a written statement of facts had been submitted to the circuit court.

[2] The trial judge's handwritten notes were dated "10/29/08" and initialed "PLW."

4

prevailing.  <u>The failure to secure the services of a reporter, or the failure to have the case reported or recorded for any other reason, shall not affect the proceeding or trial</u>.

(Emphasis added.)  Shapiro maintains that the circuit court also violated Rule 5:11 by refusing to certify his proposed written statement of facts, which he timely submitted in lieu of a transcript.

Younkin, also appearing pro se in both the circuit court and this Court, did not file a brief in opposition to Shapiro's appeal in this Court.  Instead, he submitted a memorandum to the Clerk of this Court, in which he stated his position that this "Court should not hear any arguments other than the procedural arguments," because the circuit court "did not address the merits of the underlying case."

ANALYSIS

We agree with Shapiro that the trial judge violated both Code § 17.1-128 and Rule 5:11 in dismissing his case based solely on his failure to secure the services of a court reporter for trial.  When statutory language is unambiguous, we are bound by the plain meaning of that language.  <u>Britt Construction, Inc. v. Magazzine Clean, LLC</u>, 271 Va. 58, 62, 623 S.E.2d 886, 888 (2006); <u>Williams v. Commonwealth</u>, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003).  The trial judge's action directly violated the unambiguous language and mandate of Code § 17.1-128 that "[t]he

5

failure to secure the services of a reporter, or the failure to have the case reported or recorded for any other reason, <u>shall not affect the proceeding or trial</u>."  (Emphasis added.) Manifestly, the trial judge's dismissal of Shapiro's case based on his failure to secure the services of a court reporter "affect[ed] the proceeding or trial."  <u>Id.</u>

The circuit court's actions also violated Rule 5:11. Pursuant to Rule 5:11(c), a party may submit a written statement of facts, testimony, and other incidents of the case in lieu of a transcript.  Such statement of facts becomes a part of the record if the procedural requirements enumerated in Rule 5:11(c) are fulfilled.

Subsection (c)(1) of Rule 5:11 addresses filing and notice requirements, which are not at issue here.  Subsection (c)(2) of the Rule requires that "the statement [be] signed by the trial judge and filed in the office of the clerk of the trial court." If the parties have endorsed the proposed statement of facts, the trial judge may sign it immediately.  Rule 5:11(c)(2). However, if a party objects to the accuracy or completeness of the proposed statement of facts, then the trial judge shall sign it after complying with the provisions of Rule 5:11(d).

Under Rule 5:11(d), when objections are properly made to the statement of facts, the trial judge is directed to (1) overrule the objections, (2) make any corrections that he or she

6

finds necessary, (3) include any accurate additions to make the record complete, or (4) certify the manner in which the record is incomplete, and (5) sign the written statement. Additionally, "the trial judge may, after notice to counsel and hearing, correct the . . . written statement." Rule 5:11(d).

The purpose of Rule 5:11, in allowing an appellant to file a statement of facts, testimony, and other incidents of the case in lieu of a transcript, is to provide an appellant a means to establish a record for appellate review without incurring the substantial expense of obtaining a transcript, which for some appellants may prevent their ability to appeal from an adverse judgment. Rule 5:11 also provides litigants and trial courts guidance regarding the actions to take to ensure that the record on appeal is accurate and complete. We have stated that

> [t]o enable us to effectively fulfill our function of appellate review it is usually necessary for us to have an accurate transcript or written statement of the testimony and incidents of trial in the case before us. Therefore, we have promulgated Rule 5:11 so that counsel, or the trial judge on his [or her] own initiative, may have a simple procedure available to correct errors of commission or omission in the transcript or written statement.

Lamb v. Commonwealth, 222 Va. 161, 164, 279 S.E.2d 389, 391 (1981). Thus, under Rule 5:11, a trial judge is authorized to correct errors or deficiencies on his or her own initiative.

We previously have considered cases in which trial judges have refused to certify proposed written statements of fact. In Harris v. Woodby, Inc., 203 Va. 946, 128 S.E.2d 278 (1962), we considered a situation in which the trial judge refused to certify a party's "narrative statement of testimony," finding that it did "not accurately and completely set forth the testimony at the time of trial." Id. at 947-48, 128 S.E.2d at 280. The opposing party objected that the proposed statement was not accurate and complete, but did not tender an alternative written statement. Id. at 947, 128 S.E.2d at 280.

We held that although the proposed statement was not accurate or complete, and the difficulty in preparing a proper statement likely was due to disagreement of counsel and the judge as to its contents, it was the trial judge's duty to resolve the conflict by "mak[ing] such alterations in and additions to the . . . statement as w[ould], in his [or her] opinion, render the same accurate." Id. at 949, 128 S.E.2d at 280-81. We further held that if a trial judge remains unable to formulate an accurate statement of the evidence, then the proper remedy is to order a new trial. Id. at 949, 128 S.E.2d at 281. Because the trial judge in that case failed to discharge this duty, we reversed and remanded the case for a new trial. Id.

In Woods v. R.D. Hunt & Son, Inc., 207 Va. 281, 148 S.E.2d 779 (1966), a trial judge refused to certify that a party's

8

"narrative statement of the proceedings including testimony and evidence of the trial" was an authentic statement of the proceedings. Id. at 282-83, 148 S.E.2d at 780-81. At a conference regarding the proposed filing of the narrative statement, the trial judge informed counsel that he "would require the transcript of the evidence in th[e] case to be written up or the same to be agreed upon by the parties," and that he could not remember all the material evidence and took no notes at trial because a court reporter was present at the trial. Id.

Counsel for the opposing party informed the trial judge that he could not agree with the proposed narrative statement because it was incomplete and inaccurate. Counsel accordingly filed his objections and "reasons for refusal to endorse" the narrative. He also asserted that in reliance on the court reporter, he had not taken adequate notes, and was unable to recall the details of the testimony or the arguments presented on the technical issues of law considered at trial. Id. at 283, 148 S.E.2d at 781. Under the facts and circumstances of the case, we held that

> [w]here a court reporter is employed during the
> trial of a civil case and the trial judge,
> relying upon the availability of a transcript,
> fails to make adequate notes and cannot recall
> the material evidence and incidents of trial in
> dispute with accuracy at the time the narrative
> statement is presented, he may require the

9

>appealing party to provide so much of the
>transcript as may be necessary for him to be
>assured what he is certifying is authentic.

Id. at 287, 148 S.E.2d at 783.

After stating this principle, we affirmed the circuit court's judgment. We concluded that the trial judge's request for a transcript was reasonable and that, therefore, the circuit court did not err in refusing to certify the proposed narrative statement "or in failing to make alterations in, and additions to, the statement in an attempt to render it accurate and then sign it." Id.

More recently, in White v. Morano, 249 Va. 27, 452 S.E.2d 856 (1995), under facts similar to our decision in Woods, we held that a trial judge did not err by refusing to sign a party's proposed "[w]ritten [s]tatement of the [f]acts, [t]estimony and [o]ther [i]ncidents of the [c]ase." Id. at 29, 32, 452 S.E.2d at 857, 859. The two-day jury trial at issue had included the testimony of 15 witnesses, all of which was recorded by a court reporter. Id. at 29, 452 S.E.2d at 857. The appealing party filed a proposed statement of facts, which was contested by the opposing party as inaccurate and incomplete. Id.

After the trial judge held a hearing on the objections and the parties were unable to agree on a narrative statement, the trial judge filed a "[s]tatement in [l]ieu of [j]udge's

10

[c]ertificate [p]ursuant to Rule 5:11(d) of the Rules of the Supreme Court of Virginia." Id. In the trial judge's statement in lieu of certification, he stated that the court was unable to comply with Rule 5:11 because, among other things, he was unable to recall the details of the testimony of the 15 witnesses. The trial judge further noted that because a court reporter had transcribed the proceedings throughout trial, the judge had not considered it necessary to take meticulous notes. Id. at 29-30, 452 S.E.2d at 858.

Upon considering these circumstances, we determined that "the trial judge understandably concluded that he could not remember the facts adduced at trial 'well enough to certify appellant's statement.'" Id. at 31, 452 S.E.2d at 859. We also observed that the preparation of a full transcript is not always necessary in order to present an accurate and complete record for appeal. Id. at 32, 454 S.E.2d at 859. Because there was no indication in the record that the appealing party attempted to obtain the trial judge's assistance in compiling an accurate and complete record, we held that the circuit court acted reasonably in refusing to sign the proposed statement of facts, and we affirmed the circuit court's judgment. Id.

In the present case, when Shapiro submitted his proposed written statement of facts, the trial judge did not correct the proposed statement by making any corrections or additions, nor

11

did she certify the manner in which the statement was incorrect and sign the statement.  Instead, the trial judge wrote on the front of the statement that "[t]he events of this day are reflected in the court's order and are sufficient for the appeal.  I do not agree that this document accurately reflects the events of the day . . . ."  The trial judge simply determined that the final order was sufficient for purposes of appeal, and "[n]o 'Statement of Facts' should be necessary on appeal" because "[t]he case was dismissed on procedural grounds which are clearly covered in the order."

We conclude based on these notations that, at a minimum, the trial judge should have complied with Rule 5:11 by certifying the manner in which the record was incomplete and by signing the proposed statement of facts.  Therefore, we hold that the trial judge erred in failing to comply with Rule 5:11.

We further observe that the present case is unlike our prior cases in several respects.  Here, both parties appeared before the circuit court pro se.  The defendant, Younkin, did not file any objections to the proposed statement of facts and, therefore, no hearing on objections was held.  Most significantly, however, this case is different from our prior cases because the trial judge dismissed Shapiro's case outright without taking any evidence, based solely on Shapiro's failure to obtain the services of a court reporter.

We take this opportunity to emphasize that in the absence of a written transcript, when a litigant has taken all available measures to provide the circuit court with an accurate and complete record of the proceedings, and the trial judge nevertheless is unable to create a complete written statement for purposes of appeal after consultation with all parties, the proper remedy is to order a new trial so that a proper transcript or statement can be prepared.  Harris, 203 Va. at 949, 128 S.E.2d at 281.  A circuit court is not authorized to dismiss a case based solely on a litigant's failure to obtain the services of a court reporter, and later to refuse to certify the litigant's proposed statement of facts because it is inaccurate.  The trial judge must make an affirmative attempt to create a record for appellate review that contains a fair statement of the facts by making "reasonable additions, deletions, or changes," or must certify the manner in which the record is incomplete.  New Bay Shore Corp. v. Lewis, 193 Va. 400, 404, 69 S.E.2d 320, 323 (1952); Rule 5:11(d).

For these reasons, we will reverse the circuit court's judgment and remand the case to the circuit court for a trial on the merits.

Reversed and remanded.

13