## CIRCUIT COURT OF FAIRFAX COUNTY

Emily A. Mohlmann
and Laura Mohlmann

v.

Republic Services
of Virginia, L.L.C.,
and John Foster

v.

Eric Lee

November 1, 2010

Case No. CL-2008-9617

BY JUDGE JONATHAN C. THACHER

 This matter came before the Court on September 24, 2010, on Defendants' motion for Costs and Sanctions. Defendants' motion requests the Court to assess expert costs against Plaintiffs pursuant to Virginia Code § 8.01-380(C) and to impose sanctions pursuant to Virginia Code § 8.01-271.1. At the conclusion of the hearing, the Court took this motion under advisement. For the reasons set forth below, the Court finds that Defendants are not entitled to expert witness costs pursuant to § 8.01-380(C) and that sanctions under § 8.01-271.1 are-inappropriate. Therefore, Defendants' Motion for Costs and Sanctions is denied.

### *Background*

 On February 21, 2005, a traffic accident occurred involving two vehicles, one driven by Eric Lee and the other driven by Defendant John Foster, an employee of Defendant Republic Services of Virginia

("Republic") (collectively "Defendants"). Plaintiff Emily Mohlmann was a passenger in Mr. Lee's car when the accident occurred.

Following the accident, Ms. Mohlmann received medical care at Burke Family Practice. During her examination, Ms. Mohlmann complained of continuing neck and lower back pain. In an effort to diagnose her pain, Ms. Mohlmann received x-rays on her spine on February 25, 2005. A radiologist examined these x-rays and completed an initial report, commenting that there appeared to be "normal anatomical alignment, without definite evidence of fracture." Unfortunately, these x-rays were lost, and only the radiologist's report remains.

Ms. Mohlmann thereafter enrolled in physical therapy at HealthSouth. This therapy apparently did little to alleviate her back pain, and thus Ms. Mohlmann's physician recommended she receive a CT scan. A CT scan was performed on May 31, 2005, which revealed several small fractures on Mr. Mohlmann's spine. Ms. Mohlmann received surgery to repair these fractures on August 15, 2005.

On July 8, 2008, Ms. Mohlmann and her mother Laura Mohlmann filed suit against Defendants, alleging that the February 21, 2005, automobile accident caused Ms. Mohlmann's spinal injuries and that Defendants were negligent in causing this accident. Defendants responded by denying liability. Defendants also filed a third-party claim against Mr. Lee, requesting indemnification and contribution from Mr. Lee for any judgment in favor of Ms. Mohlmann.

The parties were unable to settle this case, and it moved into discovery. Ms. Mohlmann designated Dr. Davne as a testifying medical expert on April 21, 2010, and Ms. Mohlmann's counsel simultaneously filed an expert report for Dr. Davne with the Court. In this report, Dr. Davne opined that Ms. Mohlmann suffered an acute fracture on her spine as a result of the automobile accident. Dr. Davne arrived at this opinion notwithstanding the February 25, 2005, radiologist report stating there was no evidence of any fracture because, according to Dr. Davne, it is common for acute fractures to remain undetectable on x-rays immediately after the trauma. This report further comments that it "is possible that there was a pre-existing" fracture on Ms. Mohlmann's spine prior to the accident. Dr. Davne thereafter filed a supplemental report on June 28, 2010, in which he again recognized the possibility that Ms. Mohlmann had a pre-existing fracture prior to the February accident. The report states, "assuming the radiologist did not thoroughly interpret the x-ray study, I also stated it is possible that there was a pre-existing [fracture]."

Following discovery, the parties were still unable to settle, and thus Ms. Mohlmann's claims and Defendants' third-party claim were set for trial on July 20, 2010.

On July 19, 2010, Defendants settled their third-party claim with Mr. Lee. Defendants, however, failed to notify Ms. Mohlmann of this settlement prior to the start of trial.

Defendants' settlement with Mr. Lee did not affect Ms. Mohlmann's claims, and trial on these issues continued as scheduled. On the second day of trial, Ms. Mohlmann called Dr. Davne as an expert witness. During Dr. Davne's testimony, the Court excluded certain opinions of Dr. Davne on the basis that he lacked factual support to form these opinions with a reasonable degree of medical certainty. Ms. Mohlmann's counsel immediately expressed doubts whether they could establish liability absent these opinions. The Court took a recess and gave Ms. Mohlmann time to weigh her options. Following the recess, Ms. Mohlmann requested her first nonsuit as a matter of right pursuant to Virginia Code § 8.01-380. The Court granted Ms. Mohlmann's nonsuit over Defendants' objection, and the case was dismissed.

Despite the dismissal, Defendants incurred $16,060 in expert appearance fees because their experts were present at court and scheduled to testify that afternoon.

On August 18, 2010, Defendants filed the instant motion asking the Court to assess the $16,060 in expert fees against Ms. Mohlmann pursuant to Virginia Code § 8.01-380(C) and to impose sanctions pursuant to Virginia Code § 8:01-271.1. According to Defendants, they are entitled to expert costs under § 8.01-380(C) because Ms. Mohlmann did not provide at least seven days notice prior to taking her nonsuit. Defendants further argue that sanctions are appropriate because Dr. Davne's expert report contains opinions "not supported by any fact whatsoever."

Ms. Mohlmann filed a response on August 27, 2010, asserting that Virginia Code § 8.01-380(C) is inapplicable in this case because a nonsuit was unavailable seven days prior to trial due to Defendants' third-party complaint. According to Ms. Mohlmann, her inability to take a nonsuit prior to the trial precludes the imposition of expert fees under § 8.01-380(C). Ms. Mohlmann also argues that sanctions are inappropriate in this case because Dr. Davne's reports were well grounded in fact and law as required by Virginia Code § 8.01-271.1.

*Analysis*

A. *Defendants' Request for Expert Fees Under*
*Virginia Code § 8.01-380(C)*

Virginia Code § 8.01-380(C) authorizes the Court to assess expert witness costs against a litigant when they notice a nonsuit of right within seven days of trial. Code § 8.01-380(C) states in relevant part:

> If notice to take a nonsuit of right is given to the opposing party within seven days of trial, the court in its discretion may assess against the nonsuiting party reasonable witness fees and travel costs of expert witnesses scheduled to appear at trial, which are actually incurred by the opposing party solely by reason of the failure to give notice at least seven days prior to trial.

Defendants claim that Ms. Mohlmann's actions fall squarely within the language of § 8.01-380(C) because Ms. Mohlmann nonsuited on the second day of trial without giving them any prior notice. Defendants, therefore, request that the Court assess their expert appearance costs against Ms. Mohlmann.

Ms. Mohlmann, however, asserts that the requirements of Virginia Code § 8.01-380(C) are unsatisfied in this case because a nonsuit of right was never available prior to trial due to Defendants' third-party claim. According to Ms. Mohlmann, § 8.01-380(C) requires that the expert costs resulted "solely" from the failure to obtain seven days notice, and here, the costs alleged by Defendants could not have stemmed solely from the failure to obtain notice when she could not take a nonsuit prior to trial.

Ms. Mohlmann's argument presents two issues to the Court: (1) whether Defendants' third-party claim barred Ms. Mohlmann from taking a nonsuit as a matter of right, and (2) whether the Court can impose costs pursuant to Virginia Code § 8.01-380(C) if Ms. Mohlmann had no right to a nonsuit prior to trial. The Court will first address whether Defendants' third-party claim prohibited Ms. Mohlmann from taking a nonsuit as a matter of right.

Virginia Code § 8.01-380(D) gives a plaintiff a statutory right to one nonsuit even if a counterclaim or third-party claim is pending, *if* those claims can be independently adjudicated. Thus, Ms. Mohlmann possessed a statutory right to nonsuit only if Defendants' third-party claim against Mr. Lee was capable of independent adjudication.

The Virginia Supreme Court has established an analytical framework for determining whether claims are so intertwined that independent adjudication is impossible. *See generally Gilbreath v. Brewster*, 250 Va. 436, 463 S.E.2d 836 (1995); *Lee Gardens Arlington, L.P. v. Arlington County Board*, 250 Va. 534, 463 S.E.2d 646 (1995). When the adjudication of the third-party claim necessarily involves an adjudication of the same issues raised in the plaintiffs claim, the third-party claim cannot stand alone. *See Gilbreath*, 250 Va. at 442, 463 S.E.2d at 838-39.

There is no question that a third-party claim for contribution and indemnification cannot be adjudicated independently. *See Gilbreath*, 250 Va. at 442, 463 S.E.2d at 839. In *Gilbreath*, Gilbreath (an employee of Wells Cargo) and Brewster were involved in an auto accident. Victoria Brann was

a passenger in Brewster's car who filed an action against Gilbreath and Wells Cargo. Gilbreath and Cargo subsequently asserted a third-party claim against Brewster for contribution in the Brann action. *Id.* at 438, 463 S.E.2d at 836. Brann attempted to nonsuit her claims against Gilbreath and Cargo, but the trial court denied her motion. *Id.* at 439, 463 S.E.2d at 837. The Supreme Court held that, despite the derivative nature of Gilbreath's third-party claim, the third-party claim could not be independently adjudicated as required by § 8.01-380, and thus the trial court did not err in denying Brann's nonsuit. *Id.* at 443, 463 S.E.2d at 838-39.

Like the third-party claim for contribution in *Gilbreath*, Defendants' third-party claim for contribution against Mr. Lee is derivative in nature from Ms. Mohlmann's claim. Consequently, under the reasoning of *Gilbreath*, Defendants' third-party claim was incapable of independent adjudication. Therefore, Ms. Mohlmann possessed no statutory right to a nonsuit prior to trial.

Given Defendants' third-party claim barred Ms. Mohlmann from taking a nonsuit of right prior to trial, the Court can next analyze whether this precludes application of Virginia Code § 8.01-380(C).

Virginia Code § 8.01-380(C) authorizes trial courts to assess expert witness costs when a litigant notices a nonsuit of right within seven days of trial. However, not all expert costs are subject to this provision. The plain language of Code § 8.01-380(C) only allows the assessment of expert costs that resulted solely by reason of the failure to give notice to take a nonsuit of right at least seven days prior to trial. Moreover, this Court must strictly follow the limitations contained in Code § 8.01-380(C). *See Martin v. Duncan*, 277 Va. 204, 207, 671 S.E.2d 151, 153 (2009) (citations omitted). Thus, application of Code § 8.01-380(C) requires a finding that the opposing parties' costs resulted solely from the failure to provide seven days notice to take a nonsuit of right.

In the present case, Ms. Mohlmann had no right to a nonsuit prior to trial due to Defendants' third-party claim. Therefore, Defendants' third-party claim precluded Ms. Mohlmann from giving seven days notice of her intent to take a nonsuit. Given Ms. Mohlmann could not provide seven days notice as required because of Defendants' actions, the Court finds it impossible to conclude that Defendants' expert costs resulted solely from Ms. Mohlmann's failure to provide notice. Instead, the facts reveal that Defendants contributed to any expert costs they now claim because they prohibited Ms. Mohlmann from giving notice. Because Defendants' expert costs did not result solely from Ms. Mohlmann's failure to give notice, the Court cannot assess these costs under § 8.01-380(C).

Furthermore, assuming arguendo that the requirements of Va. Code § 8.01-380(C) are satisfied in this case, the Court still finds it inappropriate to impose costs pursuant to this section for the following reasons. First, Defendants prohibited Ms. Mohlmann from taking a nonsuit prior to trial

by keeping their third-party claim outstanding; thus, imposing costs on Ms. Mohlmann because she failed to give seven days notice would unfairly punish her when she was barred from giving any notice. Moreover, it does not appear Ms. Mohlmann took her nonsuit for any improper purpose, such as to harass or cause needless expense upon Defendants. Accordingly, imposing costs pursuant to Code § 8.01-380(C) would be inappropriate in this case.

B. *Defendants' Request for Sanctions under Virginia Code § 8.01-271.1*

Virginia Code § 8.01-271.1 creates a dual responsibility by an attorney who signs a pleading. First, the attorney is certifying that the pleading is well-grounded in fact, to the best of his knowledge. *Ford Motor Co. v. Benitez*, 273 Va. 242, 250, 639 S.E.2d 203, 206 (2007). Second, the attorney is certifying that the pleading is warranted by law or a good faith argument for a change in the law. *Id.* Furthermore, an objective standard of reasonableness is used to determine whether litigants and attorneys could have formed a reasonable belief that their pleadings were filed consistent with the requirements of § 8.01-271.1. *Id.*

Defendants argue that Ms. Mohlmann's counsel violated § 8.01-271.1 when they filed Dr. Davne's sworn expert reports on April 21 and June 28, 2010, because these reports were not well-grounded in fact or law. Specifically, Defendants claim that Ms. Mohlmann's counsel could not have reasonably believed that Dr. Davne's reports were well-grounded in fact when the February 25, 2005, radiologist report found no acute fracture.

The Court does not agree with Defendants' conclusion that the radiologist report mandates a finding that Dr. Davne's reports could not be well-grounded in fact. The radiologist report specifically states that the x-rays contained no "definite evidence of fracture." This statement is not a conclusion as Defendants claim, but is merely an observation of no definite evidence of a fracture. Moreover, Dr. Davne addresses the radiologist's findings in his initial report, noting that it is common for there to be no definite evidence of an acute fracture within days of the initial trauma. Given the radiologist report only makes an observation and Dr. Davne provided a plausible explanation for such evidence, the Court is convinced Ms. Mohlmann's counsel could have reasonably believed that Dr. Davne's reports were well-grounded in fact notwithstanding the radiologist report.

Defendants further argue that Dr. Davne's sworn reports violate the requirements of § 8.01-271.1 because the reports contain two opinions that are diametrically opposed to one another. According to Defendants, Dr. Davne's reports conclude that Ms. Mohlmann suffered an acute fracture in the accident, while simultaneously finding that Ms. Mohlmann suffered an exacerbation of a pre-existing condition. Defendants claim that Ms. Mohlmann's counsel should have known that these reports could not be

well-grounded in fact or law because no doctor could take these conflicting positions with a reasonable degree of medical certainty.

Defendants, however, mischaracterize Dr. Davne's findings. Dr. Davne's reports merely recognize an alternate explanation for Ms. Mohlmann's injuries. Nowhere in these reports does Dr. Davne set forth an alternate opinion or diagnosis as claimed by Defendants. In fact, the supplemental report concludes by agreeing with the initial report, stating that "[m]y opinions previously provided [that Plaintiff suffered an acute fracture in the accident] remain unchanged." Because Dr. Davne's reports do not offer opposing diagnoses, the Court finds no merit to Defendants' argument.

At the hearing, Defendants also argued that the Court should rule favorably on issuing sanctions because the Court ultimately struck Dr. Davne's testimony on grounds that he lacked adequate factual support for his opinions. This argument, however, does not appropriately address the Court's inquiry on a motion for sanctions under § 8.01-271.1. The standard is whether Ms. Mohlmann could have formed a reasonable belief, and not whether the court ultimately found the testimony lacking. *See Birgin v. Tzaferis*, Law No. 05-000648, 2005 Va. Cir. LEXIS 125, at *13-14 (Va. Cir. Aug. 10, 2005).[1]

During the Court's hearing, Ms. Mohlmann's counsel recited in detail the inquiry done prior to submitting Dr. Davne's reports. According to counsel, Dr. Davne reviewed Ms. Mohlmann's entire medical record, interviewed Ms. Mohlmann, and contacted the radiologist who completed the February 25, 2005, x-ray report before compiling his initial report. Clearly, Ms. Mohlmann's counsel had the right to rely upon the opinion of Dr. Davne after such a review, especially given there was no conclusive evidence to contradict Dr. Davne's opinion.

Based on the record, the Court finds that Ms. Mohlmann's counsel could have reasonably believed Dr. Davne's expert reports were warranted by existing law and fact. Accordingly, Defendants' request for sanctions pursuant to § 8.01-271.1 is denied.

## Conclusion

For the reasons stated above, Defendants' motion for costs and sanctions is denied.

---

[1] This opinion is printed below at page 475. [Reporter's note]