COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Athey and Callins
Argued at Arlington, Virginia

**PUBLISHED**

JOHN MICHAEL WOLFE

v.      Record No. 1061-23-4

SHULAN JIANG, F/K/A
 SHULAN WOLFE

OPINION BY
JUDGE RANDOLPH A. BEALES
JANUARY 7, 2025

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Grace Burke Carroll, Judge

John Michael Wolfe, *pro se*.

No brief or argument for appellee.[1]

John Michael Wolfe ("father") appeals the order of the Circuit Court of Fairfax County

modifying his ex-wife's child support obligation and denying his request for a reduction in the

calculation of his income. Among other claims, father argues that the circuit court erred by

preventing him from filing a written statement of facts in lieu of a transcript under Rule 5A:8(c)

for his appeal to this Court.

---

[1] Under Rule 5A:19, appellee's brief was due by December 20, 2023. Although appellee did not file a brief by that date, she did file on January 3, 2024, a timely motion for an extension of time to file her brief — specifically requesting that this Court grant her an extension until February 6, 2024, to file her brief. However, appellee did not file her brief until February 7, 2024 — after the deadline that she herself had requested in her motion for an extension of time to file her brief. Because appellee has not complied with the rules regarding briefs and did not even meet the deadline that she set for herself in her own motion for an extension of time to file her brief, she is in default and, therefore, could not present oral argument. Rule 5A:19; Rule 5A:26. Consequently, we deny her motion, and we do not consider her brief. Rule 5A:1A ("This Court may dismiss an appeal or impose such other penalty as it deems appropriate for non-compliance with these Rules.").

## I.  BACKGROUND

"When reviewing a [circuit] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." *Nielsen v. Nielsen*, 73 Va. App. 370, 377 (2021) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

Father and Shulan Jiang, f/k/a Shulan Wolfe ("mother"), are former spouses who have been involved in a prolonged series of domestic relations disputes.  The parties have three children born of their marriage.  Relevant to this appeal, on December 30, 2022, father filed a *pro se* motion to modify child support, asking the circuit court to increase mother's child support obligation.  The circuit court then heard evidence on father's motion on May 9, 2023.  By final order entered on May 22, 2023, the circuit court denied father's "request for reduction in income," finding that father had "failed to make a full and complete disclosure of his income or employment to the Court."  The circuit court also increased and adjusted mother's child support obligation, finding that her "gross annual income has increased."

In addition, the circuit court's final order specifically provided, "Should either of the parties wish to appeal they must at the moving party's cost obtain the recording of the hearing and pay for a certified court reporter to transcribe the hearing in lieu of a statement of facts."  By separate filing, father noted his objections to the circuit court's final order, including his objection "to the provision stating that the moving party must attach a transcript rather than submitting a [written] statement of facts [in lieu of a transcript]."  In his written objections, father asserted that the circuit court's transcript requirement "is an illegal provision intended to prevent the plaintiff who is indigent from filing an appeal."  Father now appeals to this Court.

- 2 -

## II. ANALYSIS

On appeal, father argues that the circuit court "erred in requiring the appellant, who is indigent, to purchase a court transcript for over $1000."

"A lower court's interpretation of the Rules of this Court, like its interpretation of a statute, presents a question of law that we review de novo." *Graham v. Cmty. Mgmt. Corp.*, 294 Va. 222, 226 (2017) (quoting *Amin v. Cnty. of Henrico*, 286 Va. 231, 235 (2013)). In conducting our *de novo* review, "[w]e apply the plain meaning of the language appearing in the [rule] unless it is ambiguous or applying the plain language leads to an absurd result." *Sidar v. Doe*, 80 Va. App. 579, 585 (2024) (quoting *Northcraft v. Commonwealth*, 78 Va. App. 563, 593 (2023)); *see also LaCava v. Commonwealth*, 283 Va. 465, 471-72 (2012) (applying "[t]he plain language of Rule 5A:8(a)" in reviewing the Court of Appeals' interpretation of that rule).

Under the plain language of Rule 5A:8, a written statement of facts in lieu of a transcript becomes a part of the record before this Court on appeal when

> (1) within 60 days after entry of judgment a copy of such [written] statement [of facts in lieu of a transcript] is filed in the office of the clerk of the [circuit] court. A copy must be mailed or delivered to opposing counsel on the same day that it is filed in the office of the clerk of the [circuit] court, accompanied by notice that such [written] statement [of facts in lieu of a transcript] will be presented to the [circuit court] judge no earlier than 15 days nor later than 20 days after such filing; and

> (2) the [written] statement [of facts in lieu of a transcript] is signed by the [circuit court] judge and filed in the office of the clerk of the [circuit] court. The [circuit court] judge may sign the [written] statement [of facts in lieu of a transcript] forthwith upon its presentation to him if it is signed by counsel for all parties, but if objection is made to the accuracy or completeness of the [written] statement [of facts in lieu of a transcript], it must be signed in accordance with paragraph (d) of this Rule.

Rule 5A:8(c). However, the plain language of Rule 5A:8 also makes clear that "[a]ny party may object to a . . . written statement [of facts in lieu of a transcript] on the ground that it is erroneous or incomplete." Rule 5A:8(d). In order to properly object, the objecting party must file

> [n]otice of such objection specifying the errors alleged or deficiencies asserted . . . with the clerk of the [circuit] court . . . within 15 days after the date the notice of filing the written statement [of facts in lieu of a transcript] (paragraph (c) of this Rule) is filed in the office of the clerk of the [circuit] court or, if the . . . written statement [of facts in lieu of a transcript] is filed before the notice of appeal is filed, within 10 days after the notice of appeal has been filed with the clerk of the [circuit] court.

*Id.* The clerk of the circuit court must then "give prompt notice of the filing of such objections to the [circuit court] judge." *Id.* "Within 10 days after the notice of objection is filed with the clerk of the [circuit] court," the circuit court judge must

> (1) overrule the objection; or
>
> (2) make any corrections that the [circuit court] judge deems necessary; or
>
> (3) include any accurate additions to make the record complete; or
>
> (4) certify the manner in which the record is incomplete; and
>
> (5) sign the . . . written statement [of facts in lieu of a transcript].

*Id.* "At any time while the record remains in the office of the clerk of the [circuit] court, the [circuit court] judge may, after notice to counsel and hearing, correct the . . . written statement [of facts in lieu of a transcript]." *Id.* Furthermore, the signature of the circuit court judge on the written statement of facts in lieu of a transcript, "without more, constitutes certification that the procedural requirements of this Rule have been satisfied." *Id.*

A court may not impose requirements under the Rules of Court that are not contained within the rule's plain language. *LaCava*, 283 Va. at 471. As the Supreme Court has often stated, "Our rules of appellate procedure are simple, brief and expressed in unambiguous

language, and 'compliance with them is necessary for the orderly, fair and expeditious administration of justice.'" *Condrey v. Childress*, 203 Va. 755, 757 (1962) (quoting *Lawrence v. Nelson*, 200 Va. 597, 598 (1959)); *Whitlow v. Grubb*, 198 Va. 274, 276 (1956). Indeed, "compliance with the Rules of Court is essential to the prompt and fair administration of justice." *Turner v. Commonwealth*, 2 Va. App. 96, 98 (1986). "[N]eutral procedural rules allow courts to set limits and mark off boundaries without regard to which side stands to gain or lose. . . . When courts apply procedural rules dispassionately and neutrally to every litigant . . . everyone else knows exactly what is expected of them and, hopefully, will rise to the occasion." *Browning v. Browning*, 68 Va. App. 19, 31 (2017) (quoting *Reaves v. Tucker*, 67 Va. App. 719, 734 (2017)). It is well established that "the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." *Id.* (quoting *Eaton v. Dep't of Soc. Servs.*, 66 Va. App. 317, 320 n.1 (2016)). We expect the same of circuit court judges as well.

As noted *supra*, Rule 5A:8(c) explicitly authorizes a party to file a written statement of facts in lieu of a transcript in order to create the necessary record for appellate review. "The purpose of [the rule] . . . is to provide an appellant a means to establish a record for appellate review without incurring the substantial expense of obtaining a transcript, which for some appellants may prevent their ability to appeal from an adverse judgment." *Shapiro v. Younkin*, 279 Va. 256, 263 (2010) (analyzing Rule 5:11(d) of the Supreme Court, which corresponds to Rule 5A:8 of the Court of Appeals). Although Rule 5A:8(c) and Rule 5A:8(d) grant the circuit court judge discretion when resolving disputes between the parties over the accuracy of a timely filed written statement of facts in lieu of a transcript, Rule 5A:8 does not grant the circuit court judge authority to prohibit a party from filing a written statement of facts in lieu of a transcript. As the Supreme Court has explained:

> A circuit court is not authorized to dismiss a case based solely on a litigant's failure to obtain the services of a court reporter, and later

- 5 -

to refuse to certify the litigant's proposed [written] statement of facts [in lieu of a transcript] because it is inaccurate. The [circuit court] judge must make an affirmative attempt to create a record for appellate review that contains a fair statement of the facts by making "reasonable additions, deletions, or changes," or must certify the manner in which the record is incomplete.

*Id.* at 266 (quoting *New Bay Shore Corp. v. Lewis*, 193 Va. 400, 404 (1952)). Furthermore,

in the absence of a written transcript, when a litigant has taken all available measures to provide the circuit court with an accurate and complete record of the proceedings, and the [circuit court] judge nevertheless is unable to create a complete written statement [of facts in lieu of a transcript] for purposes of appeal after consultation with all parties, the proper remedy is to order a new trial so that a proper transcript or [written] statement [of facts in lieu of a transcript] can be prepared.

*Id.*

In this case, the circuit court's final order expressly required that, "[s]hould either of the parties wish to appeal they must at the moving party's cost obtain the recording of the hearing and pay for a certified court reporter to transcribe the hearing in lieu of a statement of facts." The circuit court then refused to consider any written statement of facts in lieu of a transcript and instead required father to file a transcript for purposes of appeal. *Cf. Shapiro*, 279 Va. at 266 (where the circuit court judge "dismissed Shapiro's case outright without taking any evidence, based solely on Shapiro's failure to obtain the services of a court reporter"). Therefore, the circuit court here erred by imposing a restriction not found within the Rules of Court and by prohibiting a form of record describing what transpired in the circuit court hearing that is expressly allowed by the Supreme Court.

Furthermore, the circuit court's error in barring father's ability to invoke a procedure permitted under the Rules of Court was not harmless. "Any error that does not implicate the [circuit] court's subject matter jurisdiction is subject to harmless-error analysis because 'Code § 8.01-678 makes harmless-error review required in *all* cases.'" *Spruill v. Garcia*, 298 Va. 120,

- 6 -

127 (2019) (emphasis in original) (quoting *Commonwealth v. White*, 293 Va. 411, 420 (2017)). In this case, without a transcript or a written statement of facts in lieu of a transcript, the record is insufficient for this Court to address the merits of father's other assignments of error challenging the circuit court's judgment. Thus, the circuit court's improper limitation on the parties was certainly not harmless error. We therefore remand this matter for the circuit court to permit father to prepare a written statement of facts in lieu of a transcript for the circuit court's review in accordance with Rule 5A:8.[2]

### III. CONCLUSION

In short, the circuit court's requirement that a transcript be filed for purposes of any appeal, instead of a written statement of facts in lieu of a transcript, constituted an improper limitation on the parties that was not authorized by the Rules of Court. The circuit court's improper limitation was not harmless because it has deprived this Court of its ability to address the merits of father's claims on appeal. Consequently, we reverse the circuit court's ruling, we vacate that part of the circuit court's order requiring a transcript for an appeal, and we remand to the circuit court with instructions to allow preparation of a written statement of facts in lieu of a transcript — and for such other further proceedings consistent with this opinion, including a new

---

[2] "It is familiar appellate practice to remand causes for further proceedings without deciding the merits, where justice demands that course in order that some defect in the record may be supplied." *Jones v. Willard*, 224 Va. 602, 607 (1983) (quoting *Ford Motor Co. v. Labor Bd.*, 305 U.S. 364, 373 (1939)). Indeed, "an appellate court is not without recourse in the event it finds itself unable to exercise informed judicial review because of an inadequate [circuit court] record. In such a situation, an appellate court may always remand a case to the [circuit court] for further consideration." *Id.* (quoting *Harrison v. PPG Indus., Inc.*, 446 U.S. 578, 594 (1980)) (addressing an appellate court's power to remand due to an insufficient record from an administrative agency). Under the circumstances of this appeal, this Court cannot reach the merits of father's remaining arguments in his other assignments of error due to the circuit court's erroneous requirement of a transcript that resulted in improperly limiting the record before this Court on appeal. Furthermore, our decision today does not preclude or prejudice future consideration of father's assignments of error on the merits in a subsequent appeal by father on the same issues that were presented to this Court in the present appeal.

hearing if no adequate and accurate written statement of facts in lieu of a transcript can now be approved.

*Reversed, vacated in part, and remanded.*